# CHARLES WILSON

*v.*

# WILLIAM D. BEVANS.

1. NEW TRIAL—*whether verdict supported by the evidence.* It is not the duty of the appellate court to enter upon a critical analysis of the evidence in every case, to determine with accuracy, as on an original hearing, the questions of fact submitted to a jury. Where it is apparent, the jury have misapprehended the force of the evidence, or where the verdict is manifestly wrong, it is the duty of the appellate court to re-examine the evidence. To that extent this court will look into the evidence, but no further.

2. But where there is testimony of equal credibility on both sides, on simple questions of fact, the appellate court must rely on the verdict as presenting the true conclusion to be drawn therefrom.

3. STATUTE OF FRAUDS—*promise to answer for the debt of another.* The general rule is, if a promise is in the nature of an original undertaking to pay the debt of another, and is founded on a valuable consideration received by the promisor himself, it is not within the statute, and need not be in writing to make it valid and binding,—it will be regarded in the light of a contract for the benefit of a third party, upon which such third party may found an action for the breach.

4. So, where a purchaser of property agreed by parol, in consideration thereof, to pay certain debts of his vendor due to a third person, it was *held*, the promise was in nowise collateral to or dependent on the liability of the vendor, but was an original and independent promise, and not within the statute of frauds.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. S. CORNING JUDD, for the appellant.

Mr. D. G. TUNNICLIFF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, and hence there are no written pleadings in the cause, and all defenses, including the statute of frauds, may be regarded as having been pleaded. An appeal was prosecuted from the judgment of the justice to the circuit court, where a trial *de novo* was had, which resulted in a judgment for the appellee.

It is insisted that the verdict is against the weight of the evidence, and we are asked to review the evidence, to ascertain whether it sufficiently sustains the finding of the jury. It is not the duty of this court to enter upon a critical analysis of the evidence in every case that may be brought here by appeal, to determine with accuracy, as on an original hearing, the questions of fact submitted to the jury. It is the province of the jury to settle questions of fact, and of the court to settle the law applicable to the facts. Upon the main facts at issue between the parties in this case, there was a contrariety of evidence and witnesses of equal respectability, so far as we can know, testifying in direct opposition. We must, therefore, regard the verdict as settling the questions of fact, and can not enter anew upon the investigation of those questions.

Where it is apparent that the jury have misapprehended the force of the evidence, or where the verdict is manifestly wrong, it is the duty of this court to re-examine the evidence. To that extent we will look into the evidence, but no further. But where there is testimony of equal credibility on both sides, as in this case, on simply questions of fact, we must rely on the verdict as presenting the true conclusion to be drawn from the

evidence.    Any other rule would require this court to sit here
for an indefinite period and investigate cases in the capacity
of jurors.

Regarding the controverted facts of the case as having been
settled by the jury, we shall only inquire whether the promise
of the appellant was within the statute of frauds, and whether
the court, in its charge, misdirected the jury on the true issues
involved.

The English statute of frauds and perjuries, of which ours
is known to be substantially a copy, has been copied in
nearly all the States of the Union, and has been the subject of
a vast deal of metaphysical learning, and of varied and con-
tradictory construction.    The difficulty has never been in
attaining a clear understanding of the terms used, for they are
as accurate as human wisdom can make them; but in the favor
with which the different judges have regarded the statute in its
practical operation.    Those judges who have regarded the
statute as establishing a hard rule in particular cases, have
given it a very narrow and illiberal construction.    Indeed,
there are cases to be found where the statute has been so con-
strued as to have no practical meaning whatever.    On the
contrary, those judges who have regarded the statute as estab-
lishing a sound rule of public policy in the transactions of life,
have always given it a true and just interpretation according to
the exact meaning of the words used.    The latter is the safer
and better rule.    It conduces far more to a uniform adminis-
tration of the law.

It will not be necessary for us to go into any extended
inquiry, as to what particular class of cases comes within, and
what do not come within the statute of frauds.    Our inquiry
will be confined to the question, whether the promise on which
the action is based in this case, comes within the purview of
that statute.

The general rule is, that if the promise is in the nature of
an original undertaking to pay a debt to a third party, and is
founded on a valuable consideration received by the promisor

himself, it is not within the provisions of the statute, and need not be in writing to make it valid and binding,—it will be regarded in the light of a contract for the benefit of a third party, upon which said third party may found an action for the breach.   The authorities all seem to agree in holding that such a promise is not within the statute of frauds, and need not necessarily be in writing to make it valid.   *Eddy* v. *Roberts,*17 Ill. 505.

We think that the legal effect of the undertaking of the appellant, brings the promise upon which the action is based, within the principle of law here stated, and relieves the promise from the operation of the statute of frauds.   It appears that the appellant purchased of one Hire, certain articles of personal property, and also, his interest in the lease upon a certain farm, in consideration of which he was to pay certain debts of Hire, including the debt for which appellee was surety for Hire, to Mr. Sterling.   There is a conflict in the evidence, as to whether the debt for which appellee was liable, was included in the undertaking of appellant.   But we must regard the verdict of the jury as having settled that fact in favor of the appellee.   Instead of paying the purchase money of the articles purchased directly to Hire, the appellant undertook and agreed to pay the same to certain creditors.   This would constitute an original and independent promise and undertaking on the part of the appellant, in nowise collateral to or dependent on the liability of Hire, and such a promise is not within the statute of frauds.

The appellant received the property contracted for, and it is wholly immaterial to him, what direction was given to the purchase money.   The vendor contracted to have it paid to his creditors instead of himself, and it imposes no hardship upon the purchaser.   It was his contract so to pay the purchase money, and such a contract is valid and binding in law, although it is not evidenced by any writing.

It is insisted that this suit was prematurely brought.   It appears from the evidence, that the debt for which the appellee

was liable as surety for Hire, was in a judgment, and had not been paid to the creditor at the date of these transactions. It seems to have been the agreement, that the appellee should pay and discharge the judgment against himself and Hire, and that the appellant would then give his note for the amount, due in twelve months. It is now urged, that a period of twelve months did not elapse from the date of the payment of the judgment to the bringing of the suit. We think that there is evidence from which the jury could find that the note was to have been given as of the date of the 12th of March, the day on which the agreement was made, and if so, a period of more than twelve months intervened, and the suit was not prematurely instituted.

It appears that, by consent of parties, the court instructed the jury orally, and the charge was afterward reduced to writing. It is now insisted that the court misdirected the jury as to the law of the case. We think that the charge of the court was sufficiently favorable to the cause of the appellant, and did not mislead the jury to his injury.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*