HENRY MEYER

*v.*

.WILLIAM HARTMAN

1. CONTRACT—*to pay the debt of another, when made as part of an original contract between the parties, is obligatory.* Where a creditor, in consideration of the indorsement to him, by his debtor, of certain notes belonging to the debtor, and of an order given by the debtor to the creditor for money which was collected by him, released the debtor from his indebtedness, and also undertook and promised to pay certain indebtedness which the debtor owed to a third party, it was *held*, that, if he failed to pay such indebtedness to the third party, he was liable for such breach of contract, and the debtor could recover from him all damages sustained by reason thereof.

2. STATUTE OF FRAUDS—*promise to pay the debt of another.* Where a debtor transfers to one creditor certain notes and an order for money, in payment of his indebtedness to such creditor, and also in consideration of the undertaking and promise by such creditor to pay a debt of the debtor to

another creditor, such promise is not within the Statute of Frauds, and is binding.

3. WITNESS—*competency—wife for the husband.* Where a debtor transferred to his creditor securities in payment of his own debt, the residue of the proceeds to be applied to the payment of other debts owing by the debtor to third persons, in a suit by the debtor against such creditor for a failure to make proper application of the fund, the wife of the plaintiff is not a competent witness in his behalf, under the act of 1867.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. BLACKBURN JONES, and Mr. ALEXANDER HOOD, for the appellant.

Messrs. THOMAS & HARTZELL, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee brought a suit against appellant, and had him arrested on a *capias ad respondendum.* The matter was arranged by appellant transferring to appellee notes for $1000, secured by a mortgage, and an order on one Theis for $62, which was paid. Appellee's claim, which was thus settled, amounted to between $700 and $800. The arrangement was, that the notes, which were indorsed, and the order, were to satisfy appellee's claim, and he was to pay a debt of $500 owing by appellant to Nissen, Steinmeyer & Co. The transfer of the notes and order was not as collateral security, but they were sold and assigned to appellee for the specified consideration.

Appellee subsequently received on the notes $800 in satisfaction thereof, and refused to pay the note to Nissen, Steinmeyer & Co., or any part of it. Appellant thereupon sued appellee in assumpsit. The first count was special on the contract, and there were also the common counts.

Appellee filed the plea of *non-assumpsit,* and subsequently asked leave to file a plea of the Statute of Frauds, but the court refused to grant leave. A trial was had by the court

without a jury, by consent of the parties. The issues were found for the defendant, and judgment was rendered against plaintiff for costs, and he brings the record to this court and asks a reversal.

In any view of the case, on the evidence presented in this record, appellant is entitled to recover.

There seems to be no question that appellant gave to appellee $1000, in good notes, secured, and well secured, by mortgage, and $62, which he received on an order, and appellee does not pretend to account for but $800, applied to his own debt. He does not pretend that he did not agree, as a part of the consideration for the notes and order, that his debt was satisfied, and that he was to pay Nissen, Steinmeyer & Co. the debt appellant owed them. He could have received certainly $200 more on the notes than he did. That amount was recklessly thrown away and squandered. He was, at all events, bound, even if he was not liable to pay Nissen, Steinmeyer & Co., to act in good faith, and collect, if it could be done, all that was due on the notes he received from appellant, both principal and interest, and was liable, even if only acting as an agent, for all he remitted and gave to the maker of the notes.

He, however, was liable for more than the loss. He is responsible for the breach of the contract, and all damages growing out of it. It was made on a sufficient consideration, was not illegal or opposed to public policy, and was obligatory on him; nor could the Statute of Frauds avail, even had the plea been interposed.

In *Wilson* v. *Bevans*, 58 Ill. 232, it was said: "The general rule is, that, if the promise is in the nature of an original undertaking to pay the debt of a third party, and is founded on a valuable consideration received by the promisor himself, it is not within the provisions of the statute, and need not be in writing, to make it valid and binding." It was there said, that the promisor received the property, and it is wholly immaterial to him what direction was given to the purchase money; that it was his contract to pay the money to the vendor's creditors, and such a contract is valid and binding in law,

although it is not evidenced by a writing. See *Runde* v. *Runde*, 59 Ill. 98. These cases must control this, as it is, in principle and in its facts, similar in all essential particulars.

Appellant was, then, entitled to recover an amount equal to Nissen, Steinmeyer & Co.'s debt, as appellee had, on a sufficient consideration, promised to pay it, but had broken his contract.

It is also objected that appellee's wife was not a competent witness in his behalf. The 5th section of the act of 1867, in relation to evidence, declares that nothing in the 1st section of the act shall render the husband and wife competent witnesses for or against each other, unless in specified cases, of which this is not one. The court, therefore, erred in permitting the wife to testify.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*