J. Watkins
v.
Peter Sands.

Statute of Frauds—Original promise.—Where lumber was sold to A on the credit of B, and A paid B therefor, a promise by B to the vendor to pay him for the lumber, would be in the nature of an original undertaking to pay the debt of a third party, founded upon a good consideration, and not within the Statute of Frauds.

Appeal from the Circuit Court of Iroquois county; the

Hon. FRANKLIN BLADES, Judge, presiding.	Opinion filed July 16, 1879.

Mr. W. H. HARRY, for appellant; that in order to change a debt from one party to another, it is necessary that there should be an express assent of all the parties, cited 1 Story on Contracts, § 581.

This was not a collateral undertaking: Eddy v. Roberts, 17 Ill. 505; Roby v. Cossitt, 78 Ill. 638; Williams v. Corbett, 28 Ill. 262.

Mr. ALBERT E. AMSBARY, for appellee; that the promise, not being in writing, was within the Statute of Frauds, cited 40 Ill. 150; 71 Ill. 124; 17 Ill. 90.

LACEY, J.　Appellant sued appellee to recover a bill of lumber of $84, and $6.50 coal, and $11.30 lumber. It appears that the coal and lumber were claimed to be furnished to appellee directly, and the $84 bill of lumber was furnished to Charles Miller, who purchased the greater part of the lumber of appellant on the credit of appellee, representing at the time to appellant that he had appellee's consent to do so; and as to a small portion of the bill, after it was purchased by Miller and charged to him on appellant's books, appellant, on the representation by Miller that appellee owed him, and that appellee consented, transferred it on his books to appellee's account.

There was evidence tending strongly to show that Miller paid appellee in full for this account, and that appellee promised him, Miller, to pay appellant this bill.

There was other evidence also tending strongly to prove that appellee, after he received pay from Miller, promised appellant to pay him the bill, and that he ratified the acts of Miller in getting the lumber on appellee's credit, in the first instance.

Appellee, on his part, produced evidence tending to show that Miller got the lumber on one McCloud's account, who was appellant's clerk in the lumber office, who owed appellee, and whom appellee was to credit for the amount of the lumber,

Watkins v. Sands.

and Miller, whom appellee owed in his turn, was to credit appellee for the bill, and appellant was to charge McCloud; so that the evidence as to the points in issue was conflicting. Appellee's counsel, at the trial, claimed that the Statute of Frauds and Perjuries operated to defeat appellant's claim. The court below, by consent of parties, instructed the jury orally, and as a portion of his instructions for appellee, gave the following:

"Now if you believe, from the evidence, that the things were let to Miller upon contract, on the credit of Sands directly, and if you believe, from the evidence, that Sands assured the plaintiff that he would pay for them at the time they were obtained, and that they were let to Miller that way, then Sands is liable to pay for them; but if you should find that there was no promise to pay on the part of Sands at the time the goods were obtained or bought, then he would not be liable unless the promise was in writing."

Appellant's counsel then asked the court to instruct the jury as follows: "If the jury find from the evidence that McCloud was not bound to pay for the items of lumber that went to Miller, but that Sands settled with Miller, and got the benefit of the value of the lumber, and then agreed to pay Watkins for it, Sands would be bound by such promise, and you should find for the plaintiff."

This instruction the court refused to give, to which refusal the appellant by his counsel excepted.

The refusal by the court to give this instruction is assigned for error.

We think that the court should have given the instruction, as it announced a correct principle of law, and especially was it necessary after the court had given the portion of the instruction above quoted for appellee.

By the instruction given by the court for appellee, the doctrine of novation was ignored entirely. The instruction asked for appellant correctly informed the jury of this exception to the general rule to the Statute of Frauds, or, in other words, that it was not within the statute as construed.

If Miller had paid appellee for this lumber bill, and for the

purpose of having him pay appellant, and he had promised so to do, then he would be bound in law to do so, and no Statute of Frauds could be pleaded against the cause of action, nor did it make any difference whether this promise on appellee's account, was made before or after the bill was gotten.

Such a promise is in the nature of an original undertaking to pay the debt of a third party, and is founded on a valuable consideration received by the promisor himself, and is not within the Statute of Frauds. Willson v. Bevens, 58 Ill. 232; Eddy v. Roberts, 17 Ill. 505.

Again, as to a portion of the bill, if Miller procured the lumber, representing to appellant that he had authority from appellee to get it on the latter's credit, and the credit was given appellee for the lumber in the first instance, and appellee afterwards ratified the act of Miller, it is not perceived how this could be within the Statute of Frauds. As to the small bill for lumber and coal claimed by appellant to have been delivered directly to appellee, we think the great preponderance of the evidence was with appellant.

For these reasons the judgment of the court below is reversed, and the cause remanded.