ISAAC STRUBLE

v.

SAMUEL S. HAKE, use, etc.

1. CONTRACT FOR BENEFIT OF A THIRD PERSON — STATUTE OF FRAUDS.—Where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action and such contract is not within the Statute of Frauds.

2. NOVATION.—In novation the debtor does not undertake to pay the debt of another but contracts an entirely new debt of his own, the consideration of which is the absolute discharge of the old debt. Consequently the new debt is not within the provisions of the Statute of Frauds relating to the promise to pay the debt of another.

3. JOINT DEBTORS—RELEASE BY NOVATION.— Where appellant was treated on all hands and by common consent as the real and sole lessee, and F. was connected with the lease only nominally. *Held*, that even if F. should be considered as a joint debtor with appellant, yet as appellant by the novation was in fact released, the legal effect would be to release his co-debtor.

4. PRACTICE—TIME TO MAKE OBJECTION.— Where certain evidence was admitted on the trial without objection, it was too late to make objection for the first time in the appellate court.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 18, 1884.

Mr. W. P. LAUNTZ, for plaintiff in error; that the Statute of Frauds is a personal defense and only available to the party who desires to repudiate his own promise, cited Browne on the Statute of Frauds, §§ 128–135; McCoy v. Williams, 1 Gilm. 584; Mitchell v. King, 77 Ill. 462.

If the promise is in the nature of an original undertaking to pay a debt to a third party, and is founded on a valuable consideration received by the promisor himself, it is not within the provisions of the statute: Runde v. Runde, 59 Ill. 98; Meyer v. Hartman, 72 Ill. 442; Walden v. Karr, 88 Ill. 49; Insurance Co. v. Olcott, 97 Ill. 439; Borchsenius v. Canutson, 100 Ill. 82; Bristow v. Lane, 21 Ill. 194; Rabbermun v. Wiskamp, 54 Ill. 179; Wilson v. Bevans, 58 Ill. 232; Eddy v. Roberts, 17 Ill. 505.

Struble v. Hake.

Mr. R. F. WINGATE, for defendant in error; that even if the defense was true, it could not avail plaintiff, for it is founded upon matter in confession and avoidance and should have been specially pleaded, cited 2 Chitty on Pleading, 14th Am. ed. 276.

WALL, P. J. This was an action of assumpsit by Hake against Struble and Frederick to recover two installments of rent due upon a lease. Service was had upon Struble alone, and the case proceeded without further notice of Frederick, resulting in a judgment in favor of the plaintiff and against the defendant for $1,675.05 and costs. The defendant Struble plead non assumpsit, and the case was tried by the court without a jury, by consent. It appears from the evidence that the lease mentioned in the declaration was duly executed by the plaintiff to Struble and Frederick, covering certain premises in the city of East St. Louis, which together with another parcel leased from the Wiggins Ferry Co., was occupied by the lessee as a stock yard.

The co-defendant, Frederick, seems to have dropped out of the arrangement very soon after the lease was made, and Struble, who furnished all the money to make the improvements, and who was treated and acted as the sole lessee, placed the management of the business in the hands of one Cox, as his agent.

The business was conducted by the agent, Cox, for some time, he paying the rents to Hake, and reporting to Struble, who lived in New York.

Finally, the rent, being in arrears for two quarters, the lease was declared forfeited by Hake, notice having been given to Cox, as agent, and the stock yards were thereafter managed in the joint interest of Hake and Cox.

It is stated by one of the witnesses that the Ferry Co. lease was forfeited also, but the particulars as to this are not given.

Some time afterward Struble came to East St. Louis, and an effort was made to settle matters of difference between him and Cox and Hake.

Struble insisted that his interests had not been properly

cared for by his agent; that he was not aware that the rent was unpaid or the lease forfeited, and that he had still a claim upon the property, covered by Hake's lease as well as that of the Wiggins Ferry Co., on account of the improvements, which had cost him a large sum of money; and at a meeting between him and Cox and Hake, these matters were the subject of an extended discussion. Cox claimed a balance from Struble for salary, etc., and Hake was claiming the rent. Struble had some accounts against Cox, and at this meeting it was finally agreed between the three men that Cox should pay the rent to Hake, and that Struble should be released therefrom, Struble allowing Cox certain credits on account and surrendering all his claim upon the leased premises and the improvements, giving Hake peaceable possession of all the yards and buildings covered by both leases. Hake was perfectly agreed to this arrangement, and released Struble, taking Cox in his place, upon the consideration of getting a complete surrender of the whole premises, and, as stated by one of the witnesses, " thought he was pretty largely benefited."

This occurred in 1875. Struble went back to New York; Cox went east a short time afterward and died, and in 1880, Hake brought this suit. It appears from the bill of exceptions that the trial court " found as a matter of fact that Hake, Struble and Cox verbally agreed that Cox should assume this indebtedness to Hake, and Struble be discharged therefrom, and as a matter of law that the agreement was void under the Statute of Frauds and presented no defense to the action." It does not appear that this proposition of law was asked by the plaintiff and held by the court in the manner prescribed by the Practice Act (Sec. 42, Ch. 110), but it is manifest this was the theory upon which the case was decided, and unless this view is correct the judgment was erroneous. It has been repeatedly held in this State, following numerous precedents, that where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action, and such contract is not within the Statute of Frauds: Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194; Wilson v. Bevans, 58 Ill. 232;

Walden v. Karr, 88 Ill. 49; Borchsenius v. Canutson, 100 Ill. 82.

In cases of this kind the promise is usually based upon some consideration moving from the party to whom it is made, such as the sale or transfer of property, the discharge of a lien and the like, and is regarded as an original undertaking the effect of which is to pay the debt of the promisor, though it may incidentally result in discharging the debt of another. There is another class of cases to which the case at bar more nearly belongs, involving a transaction whereby a debtor is discharged from his liability to his original creditor by contracting a new obligation in favor of a new creditor by order of his original creditor. To this transaction the term *novation* is applied. In such a case the debtor does not undertake to pay the debt of another but contracts an entirely new debt of his own, the consideration of which is the absolute discharge of the old debt. Consequently the new debt is not within the provisions of the Statute of Frauds relating to the promise to pay the debt of another. 1 Parsons on Contracts, Ch. 13; Runde v. Runde, 59 Ill. 98.

The subject as discussed in the treatise of Browne on the Statute of Frauds, §§ 165, 166, 193, 194, and it is stated that it is now settled by authority in England and America, that if by the arrangement the original debtor is discharged, the defendant's promise is good without writing; it clearly raises in such case an original and absolute, not a contingent and collateral, liability.

The present case is controlled by the authorities cited. By mutual consent Cox received a credit in his account with Struble in consideration that he should pay the debt to Hake. Hake might have availed himself of this arrangement and might have maintained an action upon it even if he had not been present at the time; but he was present, assented to it and distinctly agreed to discharge Struble and accept Cox in his stead, receiving therefor the valuable consideration of undisputed possession of the yards, and a surrender of all improvements remaining on his own land and that of the Wiggins Ferry Co.

This transaction effectually released Struble and must be regarded as a complete bar to the present suit.

Even if it be supposed Cox could interpose the Statute of Frauds there is no presumption that he would.

Such a defense is personal to him and could only be made by him. Browne on Statute of Frauds, §§ 128–135. But if it were unquestionable that the assumption by Cox was worthless and would so turn out, yet we think Hake received abundant legal consideration for the release. Counsel for appellee says in his brief that "unless the indebtedness due to Hake by Struble and Frederick under the lease, was extinguished under the facts as found by the court, such assumption was void," thus apparently resting upon the point that there was no extinguishment of the joint liability of Struble and Frederick. As has already been stated, Frederick, though nominally one of the lessees, withdrew very soon after the lease was made and took no actual part in the subsequent proceedings, Struble being treated on all hands and by common consent as the real and sole lessee, and we are unable to see why, upon such a state of facts, the nominal connection of Frederick with the lease at the beginning would be regarded, as at all important. But if it were important and if at the time of this arrangement Frederick should be considered as a joint debtor with Struble, yet, as Struble was in fact released, the legal effect would be to release his co-debtor, Frederick.

Counsel further insists that "even if the defense as claimed was true in fact it could not avail the plaintiff, for it is founded upon matter in confession and should have been specially pleaded."

Without stopping to inquire whether the evidence could have been admitted under the plea of non assumpsit for the reason indicated by counsel, it is enough to say that no such objection was urged on the trial. Had the plaintiff made this specific objection the pleadings might have been amended if deemed necessary. Such an objection can not be made for the first time in an appellate court. I. & St. L. R. R. Co. v. Estes, 96 Ill. 470.

The evidence was admitted and considered by the trial court and the case was decided on the proof thus made.

For the reason assigned we are of opinion that the defense presented was a perfect answer to the plaintiff's alleged cause of action, and therefore the judgment was erroneous and should be reversed.

