# E. G. SCUDDER AND W. A. SCUDDER, CO-PARTNERS,
## v.
## J. H. CARTER.

*Contracts—Payment of Debt of Another.*

1.  A promise to pay the debt of a retail dealer to a wholesale merchant
as a part of the consideration of a sale of the stock of such retail dealer to
the promisor, is founded on a legal consideration.

2.  If the promise is in the nature of an original undertaking to pay the
debt of a third party, and is founded on a valuable consideration received
by the promisor, it is not within the statute of frauds.

3.  Such promisor can not defeat recovery of the debt he promised to
pay, because of any secret agreement he may have had with the original
debtor.

[Opinion filed June 21, 1892.]

APPEAL from the County Court of Johnson County; the Hon. THOMAS J. MURRAY, Judge, presiding.

Messrs. WHITNEL & GILLESPIE, for appellants.

Mr. WILLIAM A. SPANN, for appellee.

GREEN, P. J.   J. D. Harvick, a dealer in general merchandise in Vienna, Illinois, was indebted to appellants for goods sold and delivered to him prior to October 13, 1890. On that date he sold his entire stock to J. H. Carter, appellee, and notified appellants by letter of the sale, and that Carter would settle with them. Upon receipt of this letter they wrote to Carter asking him if he had agreed to pay Harvick's indebtedness to them. In answer to this, on October 17, 1890, Carter wrote to appellants, " Your letter to hand. In answer will say that I bought out J. D. Harvick's stock and I owe for it, and I was to have four months to pay, *so I will pay your bill* as soon as I agreed to with Mr. Harvick." On receipt of this letter, appellant notified Harvick that Carter claimed four months' time to pay and asking if that time had been given by Harvick. On October 22, 1890, Harvick replied that he had sold out to Carter with the understanding that he was to pay all bills that Harvick owed, and there was no time stated. Thereupon appellants wrote to Carter, informing him of the contents of Harvick's letter, and asking that their claim be paid when due. No answer was returned by Carter. On November 22, 1890, appellants again wrote to Carter, inclosing statement of Harvick's account, and asking when they might expect payment. Carter did not reply to this and on March 12, 1891, appellants drew sight draft on him for $61.53, the amount of Harvick's debt, which was dishonored. On March 24, 1891, appellants again wrote to Carter advising him of the non-payment of the draft, reminding him of his agreement and promise to pay in four months; that they had waited until that time had elapsed and wanted

their pay. They requested him to let them hear from him about the matter and remit the amount due at once. No reply being made to this, they commenced suit. It is not disputed that on October 13, 1890, Harvick owed appellants $61.53, the full balance claimed by them. But he and Carter testified that in this amount the price of a barrel of sugar was included which Carter did not get, and Harvick did get, with Carter's knowledge. This barrel of sugar Harvick bought of appellants on October 10th. It was delivered in Vienna and was in the depot there when the sale was made to Carter, who then knew it was there and that Harvick had bought it of appellants. It thus appears the price of the barrel of sugar was a part of the debt Harvick owed on the day of the sale and which appellee promised to pay appellants. The evidence establishes a valid contract between Harvick and Carter, by the terms of which the latter agreed to pay to appellants Harvick's debt. It was supported by a good and valuable consideration, and was not within the statute of frauds. A promise to pay this debt as a part of the consideration of purchase is founded on a sufficient legal consideration. Lith. Co. v. Kerting, 107 Ill. 344. If the promise is in the nature of an original undertaking to pay the debt of a third party, and is founded on a valuable consideration received by the promisor himself, it is not within the statute of frauds. Wilson v. Bevans, 58 Ill. 232; Meyer v. Hartman, 72 Ill. 442. It is quite evident from the correspondence and the acts of appellants that they acquiesced in and adopted the contract, accepted Carter as their debtor and relied upon his promise to pay them, and his liability is clearly established. It is sought to evade this liability by the testimony of Harvick and Carter, showing that between themselves there was an agreement made at or about the time of sale, but before the date of Carter's letter of October 17th and Harvick's letter of October 22d, received by appellants, different from the contract in those letters described, in this, that Carter was to pay Harvick's debts only upon orders given to his creditors; and inasmuch as appellants never presented to Carter an order from Harvick to pay them the debt he owed and which

Carter had promised to pay, therefore this suit could not be maintained. Carter was bound by the contract stated in his letter and the letter of Harvick, upon which appellants acted, and he is estopped from setting up an agreement undisclosed to them, between Harvick and himself, limiting his liability to the payment of the debts only, for which Harvick gave orders to his several creditors. He can not by such defense defeat the recovery of the debt he distinctly and without condition, other than extension of time, promised on October 17, 1890, to pay appellants. This cause was tried by the court without a jury and judgment was entered against appellants for costs. This was error. The judgment ought to have been for them in the amount of $61.53 and costs of suit. The judgment is reversed and cause remanded.

*Reversed and remanded.*