## William E. Rothermel v. Bell & Zoller Coal Co.

1. STATUTE OF FRAUDS—*What is a Sufficient Consideration.*—The transfer of the assets of a corporation to a private person is a sufficient consideration for his promise to pay the company's debts, and the validity of his agreement is not dependent upon the release of the company by its creditors. As they could have taken advantage of it without releasing their claims, a consideration moving from them is not necessary to support such an agreement.

2. CORPORATIONS—*Transfer of Assets.*—A transfer of its assets by three of the five directors of a corporation to a party in consideration of his agreement to pay its debts, is valid, under the circumstances of this case, although there was no record made of the action of the directors nor any formal action taken or assignment made.

**Assumpsit.**—Trial in the Circuit Court of Cook County on appeal from a justice of the peace; the Hon. ABNER SMITH, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed January 26, 1899.

### STATEMENT.

Appellee, a creditor of the American Coal Mining and Transportation Co., together with all the larger creditors of the company, made an agreement with appellant, who was a director and also treasurer of the company, by which appellant agreed, if the company would allow him to take the assets of the company, he would pay its liabilities, including a liability of some $1,500 to $1,800 to appellee, which had been incurred prior to that time. The president of the Transportation Company had recently died, making it impossible to carry on its business, and a meeting of its directors and creditors was called to consider the best way to close up the affairs of the company. There were originally five directors, including the president who had died,

of whom three were present at the meeting. These three directors, including appellant, assented to his undertaking to take the company's assets and pay its debts. There does not appear to have been any record made of the action of the directors in this regard, nor that the directors took any formal action, nor was there any formal assignment of the assets of the company to appellant; but it appears that thereafter neither of the directors, except appellant, had or exercised any control over any of the property or assets of the company; that appellant stated to different persons that he was the owner of the principal asset of the company, viz., a contract between the company and Armour & Co., to supply the latter with coal for their packing houses; that it (this contract) was worth $15,000 for a year; that he could control it in future; that he was going to sell it to the highest bidder; that he claimed to control it, and placed it with Ellsworth & Co. He closed out the business of the company and made payments after this agreement upon appellee's claim, reducing it to $160, as well as that of other creditors, by his personal checks, but prior to the agreement he also gave his personal checks in making payments on the company's debts. It kept no bank account, and he was its treasurer.

No formal release of the company was made by appellee, nor any of its creditors, nor is there evidence from which it could be found that any creditor, besides appellee, released his claim against the company, because of appellant's agreement to pay its debts.

The evidence is not very clear and satisfactory that the transportation company transferred its assets to appellant, but it can not be said that the finding of the court (as it must have found) that the assets were transferred to him, is against the clear preponderance of the evidence. The court found for appellee and entered judgment for $160, from which this appeal is taken.

BULKLEY, GRAY & MORE, attorneys for appellant.

WING & CHADBOURNE, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The finding of the court not being against the clear preponderance of the evidence, the judgment must stand, unless there was some error of law, as to which no question is made, except on the statute of frauds. It is contended that the statute of frauds prevents a recovery in this case, because the debt which appellant promised to pay was that of the transportation company—that his promise was not an original undertaking. This contention can not prevail. We have seen that the assets of the company were transferred to appellant. That was a sufficient consideration for his promise to pay the company's debts. If he did not receive them that was his misfortune. The validity of his agreement was not dependent on the release of the company by the creditors. They could take advantage of his agreement made for their benefit, without releasing their claims. A consideration moving from them was not necessary to support the contract. Brown on Stat. of Frauds, Sec. 166 b; Eddy v. Roberts, 17 Ill. 505; Wilson v. Bevans, 58 Ill. 232; Meyer v. Hartman, 72 Ill. 442.

The judgment is affirmed.