## John A. Knisely v. William E. Brown.

1. ARREST OF JUDGMENT—*Defective Statement of a Good Cause of Action.*—A defective statement of a good cause of action is cured by the verdict, and can not be availed of on motion in arrest of judgment.

2. STATUTE OF FRAUDS—*An Undertaking Not Within.*—A promise by one person to pay the debt of another, supported by a valuable consideration moving to the person making the promise, is an original undertaking and not within the statute of frauds.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 20, 1901.

ALMON W. BULKLEY, attorney for appellant.

WILLIAM EUGENE BROWN, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant, and the former recovered judgment for the sum of $500 and costs. The original declaration contains a special count and the *indebitatus assumpsit* count, which counts are as follows: ·

"Comes William E. Brown, the plaintiff in the above entitled cause, and complains of the defendant, John A. Knisely, and alleges that on or about the 12th day of June, A. D. 1899, the defendant, for a good and valuable consideration, agreed orally to and with the said plaintiff, that the said defendant would from time to time, at the request of the plaintiff, furnish the plaintiff with livery service to and for the use of said plaintiff to the amount of $450.

"Plaintiff further says that the defendant, though often requested by the plaintiff, has failed, neglected and refused to furnish the said livery service, or any part thereof, except the amount of about $50; that afterward the defendant repudiated the contract, and absolutely refused to furnish any more livery service under the same, whatever, to the damage of the plaintiff in the sum of $400; wherefore he prays judgment against the defendant for the sum of $400, his damages, as aforesaid, and the costs of this action.

"And for a further cause of action, the plaintiff says that the plaintiff is an attorney-at-law; that the defendant is indebted to the plaintiff in the sum of $200 on account of legal services which the plaintiff rendered to the defendant, at the special instance and request of the said defendant; that the same is due and wholly unpaid, and was, at the time of the commencement of this action; that the value of said services is the said sum of $200."

The defendant demurred generally to the declaration, and his demurrer was overruled. Subsequently, the plaintiff, by leave of court, filed an amendment to the special count, as follows:

"Plaintiff, with leave of court, hereby amends the first count of his declaration, as follows: 'The consideration on which the said defendant agreed to furnish the livery service was, that one A. D. Perkins would turn over to defendant a livery business at Chicago, Illinois, known as the Palace Stables, and further, that plaintiff would release said Perkins from the said claim of $450, which said Per-

kins owed said plaintiff in livery service, and which defendant then and there assumed and agreed to pay; that said Perkins did then and there about, to wit, June 12, 1899, turn over said livery business, and at the same time plaintiff did release said Perkins at the request of said defendant.'"

The defendant pleaded the general issue to the amended declaration.

Counsel for appellant contend that the special count does not state a cause of action, and that a motion of appellant in arrest of judgment should have been sustained. The declaration is inexcusably informal, but it is not, in our opinion, a statement of a defective cause of action, but a defective statement of a good cause of action, which is cured by the verdict and can not be availed of on motion in arrest of judgment. Mason v. Swanson, 131 Ill. 255; Western Stone Co. v. Whalen, 151 Ib. 472, 489.

The special count, as amended, alleges, in substance, that the defendant, in consideration that A. D. Perkins would turn over to the defendant a livery business at Chicago, Illinois, known as the Palace Stables, and that plaintiff would release said Perkins from a claim which he, plaintiff, had against him for livery service, to the amount of $450, the defendant would furnish to the plaintiff livery service to said amount, etc.

It appears from the evidence that Knisely had loaned to Perkins a large sum of money, evidenced by promissory notes, to secure the payment of which Perkins had executed to Knisely a chattel mortgage of his, Perkins', livery stable property, consisting of horses, harness, vehicles and other property; and that, about June 16, 1899, almost $2,000 of the money, payment of which was secured by the mortgage, was overdue; that at an interview between Perkins, Knisely and Gray, Knisely's attorney, Gray suggested to Perkins that the livery business was not paying, and that he had better turn it over to Knisely, which Perkins did not wish to do without consulting his attorney, Mr. Brown, the appellee. The mortgage was foreclosed, but the proceeds of the sale were not nearly sufficient to pay the indebtedness secured by it. The evidence tends to show that

an arrangement was made between appellant, Perkins and Brown, after the foreclosure of the mortgage, by which Perkins turned over to Knisely his livery stable business, and Knisely, as part consideration therefor, agreed to furnish appellee with $450 worth of livery service, which it was claimed Perkins owed to appellee, the latter agreeing to release Perkins; that the business was turned over to and carried on by appellant; that appellee released Perkins from his, appellee's, claim against him, and that appellant, while he was carrying on the business, furnished livery service to appellee to the amount of about $50, and refused to furnish any more. The evidence also tended to prove that appellee performed legal services for appellant reasonably worth $200.

While there was a sharp conflict in the evidence, we can not say that the verdict is manifestly against the weight of the evidence. We think the evidence sufficient to support the verdict.

Appellant's counsel contend that the alleged promise of Knisely was a promise to pay Perkins' debt to appellee, and not being in writing, was within the statute of frauds and void. Counsel admit the law to be, as it certainly is, that if Knisely's promise to pay Perkins' debt to appellee was supported by a valuable consideration moving to Knisely, then the promise was an original undertaking and not within the statute. The following authorities support this view: Eddy v. Roberts, 17 Ill. 505; Meyer v. Hartman, 72 Ill. 442; Borchsenius v. Canutson, 100 Ill. 82.

The evidence tends to show that the turning over by Perkins to Knisely of the livery business was at least in part consideration of the promise of Knisely to pay Perkins' debt to appellee. It is not an unreasonable inference from the evidence, that had not Knisely so promised, Perkins would not have turned over his business to him. Counsel for appellant contend that Knisely received only that to which he was entitled under the mortgage—a proposition which is untenable. By virtue of the mortgage, appellant had the right to foreclose it on default of the

mortgagor, and for that purpose to enter Perkins' stables, take possession of the property, remove and sell it, but he had no right to remain in the premises where the mortgaged property was, and carry on there the business formerly carried on by Perkins. The law of novation discussed by appellant's counsel is inapplicable to the facts which the evidence for appellee tends to prove.

It is objected that there is no evidence of a valid claim of appellee against Perkins for livery service. Perkins, Knisely and appellee met together, and, as before stated, the evidence tends to show that when they were thus together, it was agreed, as heretofore stated, that Knisely would pay a claim of appellee against Perkins for $450 worth of livery service. The claim and the amount thereof having been stated, and no objection having been made, either as to the validity of the claim or its amount, as the evidence tends to show, it is a reasonable inference that its validity and amount were conceded.

Counsel object to certain rulings of the court as to evidence, the refusal of certain instructions asked by appellant, and certain remarks of the court during the trial. We find no reversible error in any of these matters, and the judgment will be affirmed.