## Warren Milby v. J. W. Mowry.

1. STATUTE OF FRAUDS—*when promise to pay debt of another not within.* A promise to pay the debt of another in consideration of that other's discharge from the debt is not within the Statute of Frauds.

2. CONSIDERATION—*what is.* A detriment to the promisee is as valid a consideration as a benefit to the promisor.

Action of assumpsit. Appeal from the Circuit Court of Mason County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

BLINN & COVEY, for appellant.

W. E. STONE and STONE & OGLEVEE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellee against appellant to recover certain indebtedness due to him from one Carter, which he

claims appellant assumed and agreed to pay. The justice of the peace before whom the suit was originally brought rendered a judgment for the defendant from which the plaintiff appealed to the Circuit Court, where the cause was tried by the judge without a jury. Judgment was there rendered in favor of plaintiff for the sum of $54.75, to reverse which the defendant appeals.

The evidence discloses the following facts: During the year 1904, appellant was publishing a newspaper at Mason City. He also owned and operated a printing plant and office at Middletown, which was under the management of one Downer. On September 14, 1904, Downer absconded owing a board bill of $65.50 to one Carter who conducted a boarding house at Middletown. On August 22, 1904, Carter was indebted to appellee, a merchant in Middletown. On that day he wrote to appellant at Mason City stating that Downer owed Carter a board bill and that if he, appellant, would assume the payment of the same, he, appellee, would credit Carter with the amount of the same and charge it to appellant.

Appellee testifies that in a conversation by telephone which followed, appellant accepted this offer, while appellant testifies to the contrary. Appellant afterward prepared a written contract by the terms of which he agreed to pay the debt of Downer upon condition that appellee would give him his printing to do, part of the bill therefor to be paid in cash and the balance to be credited on the Downer account. Appellee refused to sign such contract insisting that the whole amount to become due for printing should be credited upon said account. The evidence as to whether or not said offer was accepted by appellant is in direct conflict. Appellee testified that appellant accepted it, while appellant testified to the contrary. The trial judge held with appellee and we are unable to say that such finding was manifestly against the evidence.

Pursuant to said agreement appellee proceeded to credit the account of Carter upon his books with the sum of $65.50, the amount of Downer's board bill, and gave Carter a receipt therefor. He then charged said sum to appellant and sent

Milby v. Mowry.

him a duplicate of the charge ticket, Appellant afterward did printing for appellee to the value of $10.75 and then declined to do any more, whereupon appellee brought suit for the balance due.

The principal ground urged for reversal is that the alleged promise by appellant to appellee to pay the debt of Carter to appellee was within the Statute of Frauds, and not having been in writing was void. A determination of this question will dispose of the specific alleged errors of the court in its rulings upon the. instructions.

Whether or not the undertaking by appellant upon which this suit is predicated, is within the Statute of Frauds depends upon the further question whether such undertaking was an original or collateral one. The evidence tends to show that the agreement between the respective parties was that appellant agreed with appellee that if he, appellee, would release Carter from his indebtedness to appellee, he, appellant, would pay Carter's indebtedness to appellee. That pursuant to such an agreement, appellee gave Carter a receipt for his indebtedness and canceled the same, and charged the amount of the same to appellant, the effect of which was to discharge both Carter's indebtedness to appellee and the indebtedness of Downer to Carter, leaving the liability of appellant to appellee the only indebtedness remaining, at least so far as appellee was concerned. The undertaking of appellant thus became an original and not a collateral one, and therefore not within the statute. "A promise to pay the debt of another in consideration of that other's discharge from the debt is not within the Statute of Frauds, as there remains no debt of another to answer for." Bird v. Gammon, 3 Bingham 880; Ames' Cases on Suretyship, page 30, and cases there cited; Wood v. Corcoran, 1 Allen, 405; Eden v. Chaffer, 160 Mass., 225; Mulcrone v. Amer. Co., 55 Mich., 622; Gale v. Edgerton, 14 Minn., 194; Meriden v. Zingsen, 48 N. Y., 247.

It is urged by counsel for appellant that there was no consideration for the contract between appellant and appellee. We think the release by appellee of all rights against

Carter to the extent of $65.50 is a sufficient consideration to support such contract. A detriment to the promisee is as valid a consideration as a benefit to the promisor. Mulcrone v. Lumber Co., 55 Mich., 626; Packer v. Benton, 35 Conn., 343.

We find no prejudicial or reversible error in the rulings of the trial court upon the evidence or instructions.

The judgment will be affirmed.

*Affirmed.*