## Christian Ruehle, Appellant, v. Joseph K. Montelius, Appellee.

1. PLEADING—*rule of construction.* A pleading is to be taken most strongly against the pleader.

2. STATUTE OF FRAUDS—*when forbearance as a consideration insufficiently alleged.* Forbearance to bring an attachment action against the original debtor is insufficient to support a promise to pay the debt of another if it is not alleged that the one forbear-

ing to sue in good faith believed himself entitled to maintain such action and actually intended to bring it.

3. STATUTE OF FRAUDS—*when original undertaking sufficiently alleged. Held,* that the declaration in this case set up a good cause of action by the plaintiff against the defendant as upon an original undertaking.

Assumpsit. Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

SCHNEIDER & SCHNEIDER, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

To the declaration in this case, which contains five counts, the defendant interposed general and special demurrers, which were sustained by the court, and plaintiff electing to abide his declaration and each count thereof, judgment was entered against him in bar of his action and for costs.

Plaintiff's case as alleged is fully set forth in what are designated the first and second additional counts of his declaration. The first additional count avers that one William McLaughlin was indebted to plaintiff in the sum of $500 for goods and chattels theretofore delivered by the plaintiff to said McLaughlin, and that in consideration that the plaintiff would forbear and would not bring a certain attachment suit against the said McLaughlin and against said certain goods and chattels, which attachment suit the plaintiff was then and there intending to bring against said McLaughlin, of which intention the plaintiff had informed the defendant, the said defendant undertook and then and there promised plaintiff to pay him the said sum of $500; that confiding in said promise and undertaking of defendant, plaintiff did forbear and did not bring an attachment suit against the said Mc-

Laughlin and against the said goods and chattels, and that the defendant though often requested has not paid the said sum of money or any part thereof.

The second additional count avers the same indebtedness by McLaughlin to the plaintiff and that the plaintiff went to said McLaughlin and requested the payment by him of said indebtedness; that McLaughlin then and there gave to the plaintiff a written order on the defendant requesting the defendant to adjust the said indebtedness in any way he saw fit, and in said written order the said McLaughlin turned over all of his money and property to the said defendant; that the plaintiff took the said written order to the defendant and then and there told the defendant that in case the said indebtedness was not immediately paid the plaintiff would forthwith sue out an attachment suit against the said McLaughlin and against the said goods and chattels; that the said defendant then and there made out an order in writing and requested plaintiff to take the same to the said McLaughlin and have him attach his signature thereto, which said order was to the effect that the said McLaughlin had turned over all his money and property to the said defendant to pay plaintiff out of said money and property the said indebtedness; that the defendant then and there promised and agreed with the plaintiff that if the plaintiff would forbear and not bring an attachment suit against the said McLaughlin and against certain goods and chattels, he, the said defendant, would pay the said indebtedness; that plaintiff relying on the promises of the defendant did not then and there or thereafter bring an attachment suit against the said McLaughlin and against the said goods and chattels as he had intended to do, but did then and there release the said McLaughlin of the said indebtedness and charge the same against the said defendant; that plaintiff took the above mentioned order prepared by the defendant to McLaughlin, and said order was then signed by McLaughlin and returned by

plaintiff to defendant and that defendant then and there accepted the same. The demurrers to the declaration and the several counts thereof were sustained upon the ground that the cause of action as therein alleged was within the Statute of Frauds.

It is elementary that a pleading is to be taken most strongly against the pleader. People v. Grand Trunk Ry. Co., 232 Ill. 292. Tested by this rule the several counts of the declaration except the second additional count were faulty and the demurrers to the said several counts were properly sustained.

True, a detriment to the promisee is as valid a consideration as a benefit to the promisor (Milby v. Mowry, 125 Ill. App. 417), but the averments of a declaration when tested by demurrer are insufficient, if the facts alleged do not show a detriment to the promisee when that ground of recovery is relied upon.

It will be observed that the pleader does not allege any facts from which it can be determined that the plaintiff had even a reasonable ground to believe that an attachment suit instituted by him against McLaughlin, or his goods and chattels, would avail plaintiff anything. While it is not necessary that a certain right of recovery should exist, if a suit which is alleged to have been forborne was brought, it must appear that the one forbearing to sue should in good faith have believed himself entitled to maintain his suit, and that he actually intended to institute the same.

The case at bar is clearly distinguishable from the cases cited and relied upon by appellant, in which it appears that the forbearing party had, or claimed in good faith to have, an existing right as a lienor or otherwise to realize his indebtedness, the recovery of which by suit or enforcement of his lien was claimed to have been forborne.

In Wilson v. Bevans, 58 Ill. 232, it was said: "The general rule is, that if the promise is in the nature of an original undertaking to pay the debt of a third

party, and is founded on a valuable consideration received by the promisor himself, it is not within the provision of the statute, and need not be in writing, to make it valid and binding.''

Where A being indebted to B surrenders certain property to C and C thereupon promises B to assume and pay A's indebtedness, the promise of C is an original and not a collateral undertaking, and is not within the Statute of Frauds. Meyer v. Hartman, 72 Ill. 442; Rothermel v. Bell, 79 Ill. App. 667; Knisely v. Brown, 95 Ill. App. 516; Chicago Heights Lumber Co. v. Miller, 219 Ill. 79.

The averments of the second additional count of the declaration, while somewhat inartificial, must, when fairly construed, be held to constitute a good cause of action by the plaintiff against the defendant as upon an original undertaking, predicated upon the surrender by McLaughlin of certain money and property to the defendant in consideration of which the defendant promised to pay the plaintiff the amount due and owing to him from McLaughlin, and whereupon the plaintiff released McLaughlin from his indebtedness.

It follows that the general and special demurrers to the second additional count should have been overruled, and the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*