## Christian Ruehle, Appellant, v. Joseph K. Montelius, Appellee.

INSTRUCTIONS—*when peremptory properly given.* A peremptory instruction for a defendant is properly given where there is no evidence in the case which by reasonable inference and fair conclusion tends to establish the plaintiff's case.

Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

SCHNEIDER & SCHNEIDER, for appellant.

M. H. CLOUD and F. M. THOMPSON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Upon a former appeal from a judgment in this case

against the plaintiff in bar of his action it was held by this court that while the demurrers to the first, third and fourth additional counts of the declaration were properly sustained, the demurrer to the second additional count of the declaration should have been overruled, and the judgment of the lower court was reversed and the cause remanded. Ruehle v. Montelius, 149 Ill. App. 416. Upon the remandment of said cause to the Circuit Court the demurrer to the second additional count of the declaration was overruled and the defendant filed his plea of the general issue. To the fourth and fifth additional counts then also filed to the declaration demurrers interposed by the defendant were sustained by the court· and· the plaintiff elected to abide his said counts. The cause proceeded to trial upon the second additional count of the declaration and at the close of the evidence for the plaintiff the court gave to the jury a peremptory instruction to find the issues for the defendant. Upon the verdict of the jury as so directed judgment was rendered against the plaintiff in bar of his action and for costs of suit, to reverse which judgment he prosecutes this appeal.

It is first urged that the court improperly sustained the demurrers interposed to the fourth and fifth additional counts of the declaration. The fourth additional count bases a right of recovery against the defendant upon his alleged parol promise to pay a debt owing from one McLaughlin to the plaintiff upon the consideration that the plaintiff would forbear to bring a certain attachment suit against said McLaughlin and against certain goods and chattels then and there located in Piper City. Counsel for plaintiff insist that said count of the declaration was drawn in compliance with the views expressed by this court in the former opinion, and it may be conceded that in the particulars wherein this court was called upon on the former appeal to express its views counsel have endeavored to comply therewith, but we were not then called upon and did not presume to state all the essential elements

of a good count in a declaration upon the cause of action here involved. The fourth additional count is defective in failing to allege that McLaughlin was the owner of any goods and chattels which might be subject to levy by attachment and that the plaintiff in fact released McLaughlin from the payment of his indebtedness. In the latter particular the plaintiff attempted to allege a release but only did so by way of inference from a state of facts which did not justify such inference.

The fifth additional count based a right of recovery upon certain alleged correspondence and order in writing introduced in evidence upon the trial, and hereinafter referred to, which were wholly insufficient to charge the defendant with any liability. We therefore conclude that the court did not err in sustaining demurrers to the fourth and fifth additional counts of the declaration.

As to the second additional count of the declaration upon which the parties proceeded to trial we held in our former opnion that it stated a good cause of action by the plaintiff against the defendant as upon an original undertaking, predicated upon the surrender by McLaughlin of certain money and property to the defendant in consideration of which the defendant promised to pay the plaintiff the amount due and owing to him from McLaughlin, and whereupon the plaintiff released McLaughlin from his indebtedness.

The evidence introduced on behalf of the plaintiff to support a recovery under said second additional count of the declaration discloses that in response to orders therefor from McLaughlin the plaintiff shipped from his place of business at Kankakee to said McLaughlin at Piper City in 1906 three cars of cement, which cement was purchased by said McLaughlin for use in connection with some work he had contracted to do for the village of Piper City; that on March 8, 1907, the plaintiff went to Piper City for the purpose of collecting or securing the payment of a balance of $355.28 then due him for said cement and found 686

bags of cement which he had shipped to McLaughlin stored in a shed which belonged to one Welsh; that the plaintiff then consulted the defendant, who was cashier of the First National Bank of Piper City, relative to the collection of his claim against McLaughlin, and told the defendant that he was going to attach the cement unless some settlement was made; that the defendant told the plaintiff if there was enough cement there to pay the bill there was still some money due from Piper City; that the defendant volunteered to write out an order on the village of Piper City to be signed by McLaughlin, and told the plaintiff that when such order was signed and when the cement was used up he, defendant, would pay the bill in full. On the same day the plaintiff procured the signatures of McLaughlin to a letter directed to the defendant and to an order directed to the village board of Piper City, as follows:

"Piper City, Ill., 3-8, 1907.

Mr. J. K. Montelius,

Piper City.

Dear Sir:—Kindly arrange with Mr. Ruehle to settle my bill due him $355.28 in some way you see fit.

I have all the material on hand and some money due me and I will be in good circumstances after the job is completed. I would have called personally, but could not leave the house on account of being sick.

Yours truly,

WM. McLAUGHLIN."

"March 8, 1907.

To the Village Board of Trustees, Piper City:—

Please pay out of the first fund for labor I do for the Village $355.28, (three hundred fifty-five dollars and twenty-eight cents) and charge on account of labor to be done when completed.

Order payable to J. K. Montelius, Cashier, and oblige,

Yours truly,

WM. McLAUGHLIN."

There is not a scintilla of evidence in the record

tending to show that McLaughlin thereafter performed any labor whatever for the village of Piper City, or that any money was then or thereafter due McLaughlin for labor, or that the work contracted for was ever completed, or that any part of the 686 bags of cement ever came into the possession of the defendant or was used in connection with any work for said village, or that any money from any source ever came into the hands of the defendant, individually or as cashier, on account of any labor performed by McLaughlin. In this state of the record the trial court could not with propriety have refused the peremptory instruction tendered by the defendant and the same was properly given to the jury.

Counsel for plaintiff suggest that the lack of evidence to establish plaintiff's claim may be supplied by reasonable inferences and fair conclusions. This is not a case in which any phase of the doctrine of presumptions either of law or fact can be invoked to aid the plaintiff in establishing a right of recovery against the defendant.

There is no error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*