## SAMUEL E. GROSS

*v.*

## CHARLES A. WEARY.

1. SET-OFF—*waiver of right by execution of power to confess judgment.* The execution of a promissory note with a cognovit authorizing the entry of judgment thereon after the rendering of services by the maker of the note to the payee, is a waiver of the right to interpose the value of such services as a set-off to the note.

2. JUDGMENT BY CONFESSION—*staying proceedings.* Where judgment is entered by confession upon a note under a warrant of attorney, the proceedings under the judgment will not be stayed to await the result of an issue on motion to open the judgment and allow a defense, by way of set-off, for services rendered by the maker of the note, when the affidavit in support of the motion does not show that services of any material value have been rendered since the execution of the power to confess judgment.

3. CONSIDERATION—*of promise to give credit on note.* Where a party has waived his right to a set-off against a note by the execution of a cognovit to

confess judgment on the note, a subsequent promise of the payee to give credit on the note for any matter of set-off known to be existing at the time of the giving of the cognovit, is but a *nudum pactum*, and binding in conscience only.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. J. R. CUSTER, for the plaintiff in error

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question here is whether the court below erred in refusing to stay proceedings on a judgment confessed by cognovit, until an issue of fact on the question of set-off could be tried.

The affidavit alleges that appellant is a practicing attorney at law in this State ; that, prior and subsequent to the making of the note upon which judgment was entered, he was frequently consulted by appellee as to matters of law growing out of and pertaining to the business of appellee ; that he thus acted as attorney at law for appellee for about one year, and that his services therefor are reasonably worth $200. It admits the execution of the note, and a cognovit authorizing the entry of judgment thereupon, but alleges that appellee, subsequently, and before judgment was entered, agreed to give credit on the note for the value of his services, which he neglected to do.

It does not appear but that all of the services, except a merely nominal part, were rendered before the execution of the note and cognovit. As to the services thus rendered, we are of opinion the execution of the cognovit was a waiver of the right to interpose them as a set-off to the note. And, it not appearing that services of any material value have been since rendered, no necessity is apparent for staying proceedings to await the result of an issue on that question.

If we are correct in holding that the execution of the cognovit was a waiver of the right to interpose a set-off, for

17—90 ILL.

causes then known to be existing, the subsequent promise to give credit on the note was but *nudum pactum*, and binding in conscience only.

In what has been said, we have laid out of view, entirely, the counter affidavit of appellee, which fully and positively denies every material allegation in appellant's affidavit in regard to the claimed set-off.

The judgment is affirmed.

*Judgment affirmed.*