CHARLES J. BORCHSENIUS

*v.*

ANNA CANUTSON.

*Filed at Ottawa May 14, 1881—Rehearing denied September Term, 1881.*

1. PLEADING—*of the right to plead on opening judgment by confession.* Where a judgment entered by confession in vacation is opened, and the defendant granted leave to plead, without any restriction, he may plead any matter in bar which he might do had the suit been brought by summons in the ordinary way, and the warrant of attorney to confess can not be replied in avoidance of the plea.

2. ESTOPPEL—*to plead set-off by execution of cognovit.* The execution of a *cognovit* or warrant of attorney to confess a judgment upon a note, while it may be regarded as a waiver of the right to apply for leave to open the judgment confessed, and to plead a set-off existing at the time of the giving of the power to confess, is not a waiver of the right to plead such set-off after the judgment has been opened and a general defence allowed. In such case the warrant to confess judgment can not be pleaded as an estoppel of the right of the defendant to plead a set-off of matters existing at or before the execution of the warrant of attorney.

3. CONTRACT—*to pay debt of another, not barred by neglect to have same allowed against his estate.* Where the widow of a deceased debtor agrees with his creditor to pay the debt as found by arbitration, in consideration of the surrender by the creditor of a life insurance policy held in pledge for the debt, the failure of the creditor to have his demand allowed against the estate of the debtor within the period of two years, is no bar to his recovery upon the promise of the widow to pay.

4. STATUTE OF FRAUDS—*promise to pay the debt of another.* Where a surviving partner holding a policy of insurance upon the life of the deceased partner in pledge for his partnership indebtedness to him, surrenders such policy upon the promise of the widow of the decedent to pay the debt of her deceased husband, whereby she is enabled to collect money to be applied upon her specific allowance as widow, her promise, though not in writing, is not within the Statute of Frauds, but is an original undertaking.

5. SET-OFF—*sufficiency of plea.* In an action upon a promissory note the maker pleaded, in substance, that the husband of the payee, who was the plaintiff, had been a partner of the defendant, and at the time of his death was indebted to him for money advanced as a part of the capital the husband was to furnish; that the defendant held a policy of life insurance upon the life of plaintiff's husband, as collateral security for his claim against the

latter, upon which the defendant had paid premiums to an amount named; and that in consideration, among other things, that the defendant would surrender such policy, the plaintiff entered into an agreement with defendant for the submission to arbitrators by them chosen, to determine the amount of what was so due from the deceased husband, and to abide by their decision; that the arbitrators made their award that $486 was so due from said decedent; that in pursuance of such agreement, and upon the further promise of the plaintiff to pay the defendant said sum, he delivered the policy to the administrator of the estate of the husband of plaintiff; that there was allowed to the plaintiff, as widow of the deceased partner, $1010 as her specific allowance, out of the estate; that said specific allowance amounted to all the personal estate of her deceased husband, including the money due on the policy of insurance; that the administrator afterwards collected the money due on the policy, amounting to $1000, and paid it over to the plaintiff upon her specific allowance; that she then paid over to defendant the sum of $850, and he gave to her the said note for said sum so paid over, and so he says that at the time said note was given said plaintiff was owing him said sum of $486, and interest thereon, which he offers to set off, etc.: *Held*, that the plea was a good plea; that, as far as the plaintiff's rights were concerned, the contract set up in the plea was a valid one, and the surrender by the defendant of the pledge held by him was a sufficient consideration to support the promise of the plaintiff.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding.

It appears from the record, that in vacation, after the October term of the circuit court of LaSalle county, there was entered on *cognovit,* under the ordinary warrant of attorney, a judgment against Charles J. Borchsenius, in favor of Anna Irgens, upon a promissory note made by the latter to the former on February 29, 1876, for $850, payable one day after date, with ten per cent interest. At the January term, 1877, of said circuit court, on the motion of Borchsenius, the judgment was opened and he was allowed to plead.

Pleas were filed, among which were two pleas of set-off: the one general, embracing the common counts, and the other special, setting up in substance that Frederick Irgens, the husband of said Anna, had been a co-partner of Borchsenius

in the hardware business, and at the time of his death was indebted to Borchsenius for money advanced to Irgens as a part of the capital the latter was bound to furnish; that Borchsenius held a certain policy of life insurance upon the life of said Frederick, as collateral security for his claim against the latter, upon which Borchsenius had paid premiums to a named amount, and in consideration, among other things, that Borchsenius would surrender said policy of insurance, Anna Irgens entered into an agreement with him for the submission to arbitrators by them chosen, to determine the amount of what was so due from Frederick Irgens, and to abide by their decision; that the arbitrators made their award that $486.25 was so due from said Frederick; that in pursuance of said agreement, and upon the further promise of said Anna to pay Borchsenius said sum, he delivered the policy of insurance to one Barr, the administrator of the estate of said Frederick; that there was allowed to said Anna, as widow of said Frederick, the sum of $1010, as her specific allowance, out of the estate; that said specific allowance amounted to all the personal estate of said Frederick, including the money due upon the policy of life insurance; that the administrator afterward collected the money due on the policy, amounting to $1000, and paid it over to said Anna, upon her specific allowance; that she then paid over to Borchsenius the sum of $850, and he gave to her the said note for said sum so paid over; and so he says that at the time the note was given, said Anna was owing him said sum of $486.25 and interest thereon, which he offers to set-off, etc.

The third replication to these pleas sets up the execution of said note and warrant of attorney, the filing of the declaration upon the note, etc., and the filing of the *cognovit* confessing the cause of action, and relies thereon as an answer to the pleas. The defendant demurred to this replication. The circuit court overruled the demurrer, and defendant stood

by the demurrer. Judgment was given for the plaintiff for the full amount of the note, which on appeal was affirmed by the Appellate Court for the Second District, and defendant appealed to this court.

Upon cross-errors assigned by the appellee, it was contended that the special plea of set-off was bad, and that the demurrer to the replication thereto should have been carried back and sustained to the plea. This court holds the plea to be good, upon the reasons given by the Appellate Court, in considering the sufficiency of this same plea in *Borchsenius* v. *Irgens*, 3 Bradwell's R. 599. In that case there was a demurrer to the plea. The court, per PILLSBURY, P. J., said: "It is urged in support of the demurrer, that as Irgens was a partner of the defendant, the partnership estate must be settled under the statute through the probate court, and the plaintiff could not submit the indebtedness to arbitration.

"It appears by the averments of the plea, that the defendant held the policy of insurance as a pledge for the payment of such indebtedness. The defendant then had a lien upon it for the payment thereof that he could enforce, and if he surrendered such pledge at the request of the plaintiff, who, it appears, well knew she would obtain all the money arising therefrom, such surrender would be a sufficient consideration to support a promise on her part to pay said indebtedness.

"So far as we can see, the contract was fairly entered into and based not only upon a valuable but adequate consideration, and between parties capable of contracting.

"By her promise to pay out of the fund the indebtedness for which appellant held the policy, he allowed her to control its collection and receive the whole $1000, being the amount of the policy, and she having turned over to him the sum of $850 of it, for which he gave the note, we are of the opinion that he has a proper set-off to the amount found to be due by the arbitrators regularly chosen by them."

"The question whether this settlement would be binding upon the administrator of Irgens does not arise upon this record, therefore we do not pass upon it, but place our decision upon the ground that the contract alleged in the plea was an original one between the parties, and no legal objection appearing to it, the court should enforce it as made."

Mr. SAMUEL RICHOLSON, for the appellant:

The books lay it down as the defendant's duty to plead a set-off, when it might have been made available in that way. 2 Parsons on Cont. 742.

The general doctrine of set-off, as stated by Parsons in his work on Contracts, is: "Where two parties owe each other debts, connected in their origin or by a subsequent agreement, the balance only is the debt, and he to whom it is due should sue only for that; and if he sue for more, the opposite debt may be offered in evidence, reducing the claim of the plaintiff to the balance."

A warrant of attorney authorizes the attorney to confess the amount actually due, only; and even if nothing appears upon the note or other evidence of indebtedness showing that any part of it has been paid, yet the attorney is bound to know the exact balance due, and he may not confess judgment for more.

The statute of our State has emphasized the right to a set-off in every case, for it permits a plaintiff to take a judgment only for the amount actually due him after deducting "all of defendant's just credits, deductions and set-offs." Rev. Stat. 1874, p. 779, § 37.

The judgment and *cognovit* were laid aside in this case when the court, by the exercise of its equitable power, opened the judgment and allowed the defendant to plead; and therefore the judgment and *cognovit* are no longer in the way of a full defence, as allowed by our laws. This case is entirely

different from the case of *Gross* v. *Weary*, 90 Ill. 256, and is like the case of *Payn* v. *Wallace*.

The third replication to the second and third pleas is a replication in estoppel, and is obnoxious to the demurrer interposed, which is general and special, and the demurrer to it ought to have been sustained by the court. Appellant having abided by his demurrer to said replication, is entitled to be heard upon the demurrer here.

The supposed estoppel alleged in this replication must be supposed to exist by record, because it attempts to set up a part of the record in this very case, viz., the note, warrant of attorney and *cognovit*, which the Supreme Court has decided become a part of the record when filed. *Ling* v. *King*, 91 Ill. 571.

But the replication sets up no judgment, and without the judgment the record is not conclusive. Even although the judgment be conclusive, yet it must be pleaded in order to present a perfect record.

Estoppels are odious in law, and they are not admitted, in equity, against the truth (1 Serg. & R. 444). "For an estoppel, not being favored by the law, ought to be certain to every intent." (Co. Litt. 2526.) This is the highest degree of certainty in pleading, and the replication, when measured by this rule, is obnoxious to the special causes of demurrer. This replication fails to set up sufficient of the record which is relied upon to operate as an estoppel. It undertakes to plead an estoppel to the common counts, against which no estoppel can be pleaded.

Mr. CHASE FOWLER, Mr. J. H. FOWLER, Mr. J. B. RICE, and Mr. W. GENTLEMAN, for the appellee:

That the replication is a good and valid answer to appellant's second and third pleas, has been expressly decided by this court in the case of *Gross* v. *Weary*, 90 Ill. 256, where it is expressly held that the execution of the

*cognovit* was a waiver of the right to interpose matters of set-off to a note, where such matters of set-off existed before the execution of the note and power of attorney.

A plea of set-off is in no sense a plea to the merits of a case. It is a plea that was not allowed at common law, but has been created by statute for the purpose of allowing counter claims to be tried in one suit. Appellant alleges in his brief, that when the judgment in this case was opened to let in a defence, the defendant was admitted to plead at large without any terms or limitations as to what that defence should be. Then, certainly, appellee has the right to reply any matters which would be a legal answer to appellant's pleas, and if the matters set up in the third replication constitute an estoppel, then said replication is properly pleaded.

That the matters set up in said third replication constitute an estoppel, is not only shown by the case of *Gross* v. *Weary, supra,* but also by the cases of *Hall* v. *Hamilton,* 74 Ill. 438, and *Frear* v. *Commercial National Bank,* 73 id. 473.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The principal question arising on this record is upon the third replication to the two pleas of set-off, whether it was a sufficient answer to the pleas, in avoidance of them. The pleas themselves had been previously adjudged to be sufficient by the court, on demurrer to them, and the only question was whether the replication sufficiently answered the pleas.

It is urged that the matter of the replication was an estoppel upon the defendant against setting up the matters of set-off alleged in the pleas. Were the judgment which was entered on the *cognovit* still subsisting, it is easily understood how there would be an estoppel; but as that judgment has been opened, and the defendant admitted to plead, it is not perceived what there is of estoppel in the case.

The judgment is to be looked upon as if it were not. The right given to plead is general, with no restriction whatever,

and we do not see that the case stands differently in this respect from what it would if the suit were one in the form of an ordinary action upon the note by summons. We think the defendant is at liberty to plead any matter in bar which he might do in such action in the ordinary form, and the plea of set-off is a well recognized one of that character. Had an ordinary suit in the first place been brought upon the note, the warrant of attorney alone would have formed no bar to it, nor should it here ; nor should the *cognovit*. That stands unacted upon, and is of no force. The judgment that is to be rendered in the case will not be upon the *cognovit*, but for the amount, if any, found to be due upon the issues under the pleadings which have since been admitted to be made, entirely regardless of the *cognovit*.

*Gross* v. *Weary*, 90 Ill. 256, is cited by appellee's counsel as an authority in support of this replication being an answer to the pleas, where it was said that the execution of the *cognovit* in that case was a waiver of the right to interpose a set-off for causes then known to be existing. That was a case where the question was whether there was error in refusing to stay proceedings on a judgment confessed by *cognovit* until an issue of fact on the question of a set-off could be tried. What was there said was with reference to such a question, and must be so taken. In the exercise of its equitable jurisdiction to open a judgment by confession, the court might refuse to interfere with the judgment for the mere reason of the existence of a set-off, and say it would regard the execution of the *cognovit* as a waiver of the setting up of what it was sought to get the liberty to do, after the judgment had been confessed. It was a circumstance to influence the equitable action of the court, and was not regarded as sufficient to call for its exercise. But it is quite different when this equity power has been exercised, and the judgment opened, and the defendant admitted to plead without any restriction whatever as to the matter to be pleaded.

There then remains no equity jurisdiction to be exercised, and there is no more power in the court to dictate what defence may be pleaded than in any ordinary case at law. The expression referred to in the case cited is, that the *execution* of the *cognovit* was a waiver of the right to interpose the set-off,— that is, where there was judgment confessed under it. But here there is no execution of the *cognovit*. The judgment under it has been opened, and the *cognovit* stands of no force,—the judgment to be rendered, as before said, will not be under the *cognovit* for the amount confessed to be due, but for the amount to be found to be due, under the pleadings in the case.

We are of opinion the demurrer to this replication to the second and third pleas should have been sustained instead of overruled, and the judgment of the Appellate Court is reversed, and the cause remanded for further proceedings conformable to this opinion.      *Judgment reversed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per Curiam: In this case the appellee assigned certain cross-errors upon the record which are not considered in the opinion which was filed herein, and the court is asked to grant a rehearing in order that said cross-errors may be passed upon by the court, as it might be of benefit to the appellee in a re-trial of the case. It is not necessary, for the purpose asked, to grant a rehearing, and without doing so, we will proceed now to a consideration of the cross-errors assigned. They are, that the court erred in sustaining demurrers to the fourth replications to the second and third pleas, being the pleas of set-off in the case, and to the fifth replication to the third plea.

The fourth replication to the third plea, the special plea of set-off, sets out, substantially, that after the arbitration and award stated in that plea had been made, Borchsenius filed

the partnership accounts between him and Frederick Irgens, deceased, being the same included in the arbitration and award in the county court of La Salle county as a claim against the estate of said Irgens; that said claim came up for hearing in said court and that on said hearing Borchsenius dismissed his said claim, and took judgment for another item of account for funeral expenses paid, for $59.49, and never again, within the time allowed him by the statute for filing claims in the county court against said estate, to-wit, two years, filed his said partnership claim in said court, and has never prosecuted any appeal from the order of said county court, so that Borchsenius is barred from setting up said claim, or said arbitration and award, as a set-off in this case against the note in suit.

There was no adjudication of the county court upon this claim, as it had been withdrawn. The fact of any recourse against the estate of Frederick Irgens for this claim having been barred from failure to re-file the same within two years, is no answer to this plea of set-off, which sets up the promise of Anna Irgens to pay to Borchsenius the specific sum of $486.25, the amount of the partnership indebtedness from Frederick Irgens to Borchsenius which was found by the award, in consideration of Borchsenius surrendering up to said Anna, or to the administrator for her benefit, the policy of life insurance which Borchsenius held as security for the payment to him of this partnership indebtedness. It was her own personal promise to pay a specified sum of money upon which she was liable, although, by subsequent failure to present the claim in time against the estate of Frederick Irgens, Borchsenius lost all remedy for the claim against that estate. Plaintiff's promise was without reference to, and independent of, the preservation of such remedy against that estate.

The fourth replication to the second plea, the general plea of set-off, is substantially the same as said fourth replication to the third plea.

The fifth replication to the third plea was the Statute of Frauds, that plaintiff's promise was to pay the debt of another, and was not in writing, and so not binding under that statute.

In *Wilson* v. *Bevans*, 58 Ill. 232, this court held, that where a purchaser of personal property agreed, verbally, in consideration of the purchase, to pay certain debts of his vendor due to a third person, the promise was not a collateral one, but an original promise, and not within the Statute of Frauds. To similar effect was *Meyer* v. *Hartman*, 72 Ill. 442.

In *Clifford* v. *Luhring*, 69 Ill. 401, it was recognized to be the doctrine that where the leading object of the undertaking is to promote some interest of the party's own, his promise to pay is not within the Statute of Frauds, although its effect is to release or suspend the debt of another. To like effect see *Emerson* v. *Slater*, 22 How. 43.

In *Curtis* v. *Brown*, 5 Cush. 491, the court say: "Where the plaintiff, in consideration of the promise, has relinquished some lien, benefit or advantage for securing or recovering his debt, and where, by means of such relinquishment, the same interest or advantage has inured to the benefit of the defendant,—in such cases, although the result is that the payment of the debt of the third person is effected, it is so incidentally and indirectly, and the substance of the contract is the purchase by the defendant of the plaintiff of the lien, right or benefit in question.   *   *   *   But where the original debt still subsists, and where the plaintiff has relinquished no interest or advantage which has inured to the benefit of the defendant, it is not an original contract, but a contract to pay another's debt, and must be in writing."

By the showing of this special plea of set-off, Borchsenius held the policy of insurance therein named in pledge, as a security for the payment of Frederick Irgens' partnership indebtedness to him, and in consideration of his surrender of the policy the amount of said indebtedness was determined

by an award of arbitrators, who had been chosen for such purpose by said Borchsenius and Anna Irgens,—the amount found by the award being $486.25,—and in consideration of such surrender said Anna promised to pay to Borchsenius said sum; that Borchsenius accordingly surrendered said policy to the administrator of Frederick Irgens' estate, who collected the money due upon it, $1000, and paid the same over to said Anna, the widow of said Frederick Irgens, upon her specific allowance, as such widow, from his estate, and that said policy of insurance was the only resource for the obtaining of the payment of such specific allowance. It thus appears, that the surrender by Borchsenius of this policy of insurance, which he held as security for the payment of Frederick Irgens' indebtedness to him, inured directly to the benefit of Anna Irgens, in enabling her to obtain therefrom the payment of her specific allowance.

We are of opinion that the promise here comes within the principle of the above decisions, and that although in form a promise to pay the debt of another, it is to be regarded as an original contract, and is not within the Statute of Frauds.

It is insisted that this special plea of set-off was bad, and that the demurrer to the replication should have been carried back and sustained to the plea. On a previous appeal to the Appellate Court, this plea of set-off had been adjudged to be a good plea. We concur with that court in holding the plea to be good, and are satisfied with the reasons given for such ruling in the opinion of that court, to be found in 3 Bradw. Rep. 599, *Borchsenius* v. *Irgens.*

We find that there was no error in sustaining the demurrers to the fourth replications to the second and third pleas, and to the fifth replication to the third plea. A rehearing is denied.

*Rehearing denied.*