## JAMES E. POWER

### *v.*

## WILLIAM L. RANKIN.

*Filed at Springfield May 14, 1885.*

1. STATUTE OF FRAUDS—*promise to pay the debt of another—of a new consideration—surrendering an existing security.*   Where the moving consideration for the promise to pay money is the liability of a third person, the promise must be in writing; but if there is a new consideration moving from the promisee to the promisor, then the superadded consideration makes it a new agreement, which is not within the Statute of Frauds.

2.   So where a party having a chattel mortgage upon a lot of corn, to secure a note of some $1200, relinquishes the same, and allows the corn to be sold and delivered by his debtor, in consideration that an agent, in whose hands $1000 was placed, had agreed to pay him that sum when the corn should be delivered, it was *held,* that the verbal promise to pay the holder of the chattel mortgage was not within the Statute of Frauds, and that an action would lie for a failure to make the payment.

3.   COMMON COUNTS—*when a recovery may be had thereunder—or whether the plaintiff must declare specially.*   Where the promise to pay money is a collateral undertaking, the declaration in an action for a failure to pay must be special; but when the promise is an original undertaking, a recovery may be had under the common counts.

4.   So where the purchaser of a lot of corn gave a check for $1000 to the defendant, to be held until corn to that amount was delivered, and then paid to the seller, and a party holding a chattel mortgage on the corn would not consent to its delivery until the defendant agreed and promised to pay the same to him, it was *held,* that the mortgagee to whom the promise was made might recover the $1000, under the common counts, after the delivery of the corn, such promise being regarded as an original undertaking, as distinguished from one that is merely collateral.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. W. R. WELCH, Judge, presiding.

Messrs. BRADLEY & BRADLEY, for the appellant:

The court erred in overruling the motion to exclude all of plaintiff's evidence, because it was solely in proof of a verbal promise to pay the debt of Mrs. Glasscock, and void under

the Statute of Frauds. Hurd's Stat. 1881, sec. 1, chap. 59; *Owen* v. *Stevens,* 78 Ill. 462; *Laidlow* v. *Hatchett,* 75 id. 11; *Frane* v. *August,* 88 id. 424.

The promises declared on by the common counts could only be original promises, whereas these promises of Power, if he made them, were purely collateral promises, and being such, would have to be declared upon specially, in order to make the evidence proper under them. *Maxwell* v. *Longnecker,* 89 Ill. 102; *Coal Co.* v. *Hood,* 77 id. 68; *Durant* v. *Rogers,* 71 id. 121.

The promise or contract upon which the common counts are based, would be such as the law implies. An implied contract, however, will only arise in the absence of an express contract. *Compton* v. *Payne,* 69 Ill. 354.

Messrs. PATTON & HAMILTON, for the appellee:

Where the leading object of the undertaking is to promote some object of the party's own, his promise to pay is not within the Statute of Frauds, although its effect is to release or suspend the debt of another. *Wilson* v. *Bevans,* 58 Ill. 232; *Clifford* v. *Luhring,* 69 id. 401; *Scott* v. *White,* 71 id. 287; *Bunting* v. *Darbeyshire,* 75 id. 408; *Borchsenius* v. *Canutson,* 100 id. 82.

If there is a new consideration moving from the promisee to the promisor, as, when he gives up some lien or security, then the superadded consideration makes it a new agreement, for the performance of which no third person is liable, and it does not fall within the statute. *Scott* v. *Thomas,* 1 Scam. 58; *Curtis* v. *Brown,* 5 Cush. 491; *Nelson* v. *Boynton,* 3 Metc. 396; *Smith* v. *Sayward,* 5 Greenlf. 504; *Boyce* v. *Owen,* 2 McCord, 208; *King* v. *Despard,* 5 Wend. 277; *Calkins* v. *Chandler,* 36 Mich. 320.

An oral promise to pay the debt of another out of his property placed in the hands of the promisor for that purpose, is not within the Statute of Frauds. *Mason* v. *Wilson,* 84

N. C. 51; *Almstead* v. *Gouls*, 18 Johns. 12; *Wait* v. *Wait*, 28 Vt. 350.

Power agreed to pay the $1000 to Rankin peremptorily and absolutely, and nothing remained for him to do but to pay the money, and the common counts were sufficient. *Childs* v. *Fischer*, 52 Ill. 167; *Jackson* v. *Hall*, 53 id. 440; *Runde* v. *Runde*, 59 id. 98.

The principle is this: When, in consideration of the promise to pay the debt of another, the defendant receives property and realizes the proceeds, the promise is not within the mischief provided against, and the plaintiff may recover on the promise, or in an action for money had and received." See *Stanley* v. *Heddick*, 13 Ired. 86, quoted in *Mason* v. *Wilson*, 84 N. C. 51.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by William L. Rankin, against James E. Power, to recover $1000, which it is alleged Power agreed to pay in consideration that Rankin would permit certain corn, upon which he held a mortgage, to be delivered to a certain person to whom the corn had been sold by Mrs. Glasscock. Rankin recovered a judgment in the circuit court for the amount claimed, and that judgment was affirmed in the Appellate Court.

After the plaintiff had concluded his evidence, the defendant entered a motion to exclude the evidence from the jury. The court overruled the motion, and this decision of the court is relied upon as error.

The main ground relied upon in support of the motion is, that the admitted evidence established merely a verbal promise to pay the debt of another, and was therefore void under the Statute of Frauds. We do not concur in the view taken by appellant's counsel. As we understand the testimony, in the fall of 1881 Mrs. Glasscock was indebted to Rankin on a certain note for $1249, bearing date November 16, 1881, and

due October 1, 1882. The payment of the note was secured by a chattel mortgage on a crop of corn raised that season. In the summer of 1882, Mrs. Glasscock contracted the corn to Ulrich, who gave Power a check for $1000, which he was to hold until one thousand dollars' worth of the corn should be delivered, when the money was to be paid to Mrs. Glasscock, or her order. After the check was placed in the hands of Power, and before any of the corn was delivered, Rankin and Power met at the office of Mr. Sales, and Rankin refused to allow the corn to be delivered unless the money in the hands of Power should be applied on his mortgage indebtedness. After discussing the matter for some time, Power finally agreed if Rankin would permit the corn to be delivered to Ulrich, he would apply the money in his hands in payment of the note and mortgage held by Rankin. This arrangement was made, according to the testimony of Sales, about the first of August, 1882.

A parol promise to pay the debt of another is rendered void by the Statute of Frauds, and an action can not be enforced upon such a promise. There is no room for doubt as to the general rule on this subject. In *Scott* v. *Thomas*, 1 Scam. 58, it was held that where the moving consideration for the promise is the liability of a third person, there the promise must be in writing; but if there is a new consideration moving from the promisee to the promisor, there the superadded consideration makes it a new agreement, which is not within the statute. In *Borchsenius* v. *Canutson*, 100 Ill. 82, where the plaintiff had relinquished a lien or given up a security for a debt in consideration of a promise by a third party to pay the debt, the promise was held to be an original undertaking, and not affected by the Statute of Frauds. Here Rankin had a lien on the corn for the payment of his debt, which he relinquished, and allowed the corn to be sold, upon the promise of Power that the money ($1000) which he held in his hands should be paid to him. A promise of this char-

acter, under the rule established by the authorities, is an original undertaking, and in no manner affected by the Statute of Frauds. Such being the case, the evidence was properly admitted, and the court did right in overruling the motion to exclude the evidence from the jury.

But it is said in the argument that Rankin had no mortgage at the time Power promised to pay the money to him, and hence no lien was waived, or security given up, on the faith of the promise. This is a clear misapprehension of the evidence bearing upon this branch of the case. It is true that Rankin fixed the date of the promise made by Power to him, in September or October, 1881; but this was a mistake as to the date. The corn sold was the crop of 1881, but it was not delivered until August, 1882, and Sales, who was present and heard the arrangement made between Rankin and Power, testified that it occurred "about the beginning of the delivery of the corn, * * * from the 1st to the 11th of August, 1882." If there had been no evidence as to the date of the agreement except Rankin's testimony, there might be much force in appellant's position on this question; but the evidence of Sales places the date of the agreement beyond question, and at a time when the mortgage lien was in full force and effect.

Objection is made to an instruction given by the court in behalf of the plaintiff. We have examined the instruction, and while there may be objections of a technical character urged against it, yet so far as the law involved in the case is concerned, the instruction lays down a correct proposition of law.

It is also contended that the court erred in refusing one of defendant's instructions. The instruction refused may announce a correct proposition of law, and might, under a different state of facts, be proper; but as we understand the record, there was no evidence upon which it could properly be based, and under such circumstances it was the duty of the court to refuse it.

It is also objected that a recovery could not be had under the common counts. Where the promise sued upon is a collateral undertaking, then the declaration is required to be special; but where the promise, as here, is regarded as an original undertaking, a recovery may be had under the common counts. *Runde* v. *Runde*, 59 Ill. 98, is an authority in point on this question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*