## Frank Hahn
### v.
### James Maxwell et al.

*Sales—Promise to Pay by Third Person—Agreement for Delay—Consideration--Lien—Evidence.*

In a suit brought to recover from third persons the contract price of a lot of stone sold to another, this court declines, in view of the evidence, to interfere with a judgment in behalf of the defendants.

[Opinion filed June 14, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Messrs. Goldzier & Rogers, for appellant.

Mr. S. M. Meek, for appellee.

Gary, J.   The appellant furnished stone to one Hayes to be used by him in erecting buildings for the appellees.

There was testimony that the appellant, some two weeks after the delivery of the last stone, presented his bill to the appellees, they having taken the contract for erecting the buildings away from Hayes, and they promised the appellant that if he would wait a month, they would pay it.

He waited the month, during which time the forty days in which the appellant might, under Sec. 31, Chap. 82, R. S., have served a notice to secure a lien on the buildings expired, and then the appellees refused to pay.   On demurrer to the evidence, the Circuit Court rightly held that the appellant had no cause of action against the appellees.   The debt was the debt of Hayes.   The evidence does not show that there was any release or promise of forbearance to him.   Giving time to the appellees in which to pay what they were not liable for, was of no moment.   If there had been a promise in

writing, in the terms of this parol promise, it would have been of no legal effect for want of a consideration to support it. And if the appellant, relying upon the promise, refrained from serving the notice alluded to, it was his voluntary act, not in performance of any agreement that he should so refrain. And the promise, not being in writing, was void under the statute of frauds, if there had been a consideration. Eddy v. Roberts, 17 Ill. 505, contains a sufficient exposition of the law applicable.

There are no circumstances in this case to bring it within the principle of Borchsenius v. Canutson, 100 Ill. 82, and Power v. Rankin, 114 Ill. 52. The judgment must be affirmed.

*Judgment affirmed.*