## Peter C. Dueholm v. Amson Stern, Adolph Arnold, Herman Arnold and Theo. Arnold, doing business as A. Stern & Co.

1. Statute of Frauds—*Contracts Not Within.*—Where there is a new consideration moving from the promisee to the promisor, as where he gives up some lien or security, the superadded consideration makes it a new agreement, for the performance of which no third person is liable, and is not within the statute of frauds.

Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 30, 1900. Rehearing denied.

James E. White, attorney for appellant.

M. B. Aaron and Blum & Blum, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The only question we need consider in this case is whether the alleged promise to pay upon which the suit is brought is an original undertaking, based upon a valid consideration or a mere oral promise to pay the debt of another.

Where there is a new consideration moving from the promisee to the promisor, as where he gives up some lien or security, there the superadded consideration makes it a new agreement, for the performance of which no third person is liable, and consequently it is not within the statute of frauds. Scott v. Thomas, 1 Scam. 58; Power v. Rankin, 114 Ill. 52.

There seems to have been in this case a promise to pay a specific sum in consideration of a forbearance to levy upon property which appellant claimed to have purchased. The property had been found in possession of the judgment debtors, who were its former owners, and there is no reasonable room for doubt that it was, under the circumstances, liable to seizure upon execution at the time the promise was made. It was practically in the officers' possession. In consideration of appellant's giving his check for part of the amount due, and his promise to pay the balance, the levy was abandoned and he was allowed to retain the property which otherwise he would have been deprived of. Whether there was a rightful judgment and execution, under which the property was legally liable to seizure, we need not inquire in this case. There was an execution, regular upon its face. The property was in effect turned over to appellant, in consideration of a check which he afterward stopped payment upon, and of his promise to pay the sum in question. The promise was an original undertaking, and the judgment of the Superior Court is affirmed.