## Gorham D. Gilman and John A. Gilman, as Gilman Brothers, v. Louis A. Ferguson.

### Gen. No. 11,502.

1. DEPOSITION—*when suppression of, cannot be complained of upon appeal.* Where a deposition has for any reason been suppressed, its suppression cannot be complained of on appeal where its contents were in no wise pertinent to the issues in the cause.

2. PROMISE TO PAY DEBT OF ANOTHER—*what essential to binding character of.* If a creditor influenced by the voluntary promise of a third person to guarantee a debt, forbear to press the debtor, the forbearance will not constitute a consideration for the promise. To suffice as such, it must be given at the instance of the promisor, and so in every case the act which constitutes the consideration must be brought about by him.

3. ALLEGATIONS AND PROOF—*both essential to recovery.* Proof without corresponding pleadings is as ineffectual as pleadings without corresponding proof.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904.

HOYNE, O'CONNOR & HOYNE, for appellants.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellants brought an assumpsit against appellee to recover upon an alleged promise to pay the indebtedness of his mother to them, amounting to $1,414.83, and due and owing September 1, 1896. The declaration consisted of two special counts and the common counts. The first special count, after stating the indebtedness from the mother, alleged that in consideration the plaintiffs " would continue to sell and deliver goods to said Louisa Ferguson as required by her, so long as payments made by her to said plaintiffs should equal the amount of the purchases made by her from " them, defendant undertook and promised to pay to them " the sum of $50 per month to be applied on the aforementioned indebtedness " until the same should

have been paid, etc. The second special count is the same except the consideration therein alleged is that the plaintiffs "had then and there promised and agreed with the said defendant to continue to sell and deliver goods to said Louisa Ferguson as required by her, so long," etc.

The cause was submitted to the court for trial without a jury. After all the evidence was in, the court denied the motion of appellants to find for them and to. assess their damages at $550, and held as law the following proposition, namely: "The court holds as matter of law that under the evidence submitted the plaintiffs cannot recover, and therefore finds the issues for the defendant." From the judgment entered upon that finding this appeal was perfected.

Upon the hearing appellee moved to suppress the deposition of one Powers, which had been taken on behalf of appellants. This motion had been made seven days before, when, by consent of both parties, its hearing was postponed to the time of trial. The motion, which was based upon certain defects in the taking of the deposition, was granted, and the deposition was suppressed. Appellants contend that this ruling of the court constitutes reversible error. An examination of the deposition shows that its contents have nothing to do with the issues in the case. Hence, the fact that it was rejected is immaterial and forms no just ground for complaint.

The alleged agreement is contained in the correspondence of the parties. In a letter dated November 12, 1896, appellee says: "We have decided that I should send you personally $50 each month to reduce the account." Two days later appellants write: "We will accept your proposition, which we understand to be a payment sent to us from you of $50 dollars per month, and 'your best efforts to have additional payments made by your mother from the profits of the store, and thus reduce the account as rapidly as possible.' This agreement is to continue until the balance due us is paid." Receiving no reply to this letter, appellants, November 23, 1896, wrote again, asking appellee if they were correct in their understanding in regard to the

payments, and adding that "so long as the payments are equal to or exceed the purchases, and the $50 paid by you is credited to the account, it will be satisfactory to us to fill the orders." Five days later appellee replies that he did not consider any answer to the letter of November 14 necessary, "since you stated clearly that you accepted my proposition outlined in my letter of November 12, and I had supposed from your letter of November 14 that I had made myself thoroughly clear. In answer to your letter of November 23, I will say that I do not wish to be construed as guaranteeing my mother's store account, but it is my intention to send you $50 each month to liquidate my mother's indebtedness to you up to September 1, 1896." Answering, appellants wrote: "In order that there may be no misunderstanding in regard to this, we enclose a guarantee of the account, which we believe embodies our correspondence, which please sign and return to us." The reply of appellee was that he declined to execute the guarantee, as to do so would, in case of his death, transfer the obligation to his estate, which would be unjust to his heirs, since the debt was not one of his creation. In November, 1897, appellants closed the store by attachment. Thereafter they furnished no goods to her, and appellee ceased to make further payments, upon the ground that the object "I had in mind in making the voluntary payments on your account has ceased to exist, and I do not want to do anything which might, in any way, be construed hereafter to be an admission on my part that I was legally bound to make any further payments."

The only consideration alleged in the declaration for the promise of appellee to pay $50 per month upon his mother's indebtedness as it stood September 1, 1896, is that appellants should continue to sell goods to her so long as her payments should equal her purchases. It is not claimed that the payments agreed to be made by appellee were not kept up until the time when the store was closed and the selling of goods to her by appellants was necessarily discontinued.

The argument of appellants upon the merits is that, while it is not expressed in so many words, the correspondence clearly shows they did agree to forbear to sue Mrs. Ferguson, and that this agreement was made in consideration of appellee's promise to make such monthly payments. Further, even though there may be a doubt about the meaning of this agreement at the time the parties entered into it, their after conduct interpreted it as a forbearance to sue, and having received the benefit of such interpretation, appellee is estopped to deny it.

In the light of the record, the defect in the argument of appellants is two-fold.

*First.* The evidence fails to show a request by appellee to appellants to forbear to sue his mother; or an agreement upon the part of appellants so to forbear. "If a creditor, influenced by the voluntary promise of a third person to guarantee the debt, forbear to press the debtor, the forbearance will not constitute a consideration for the promise. To suffice as such, it must be given at the instance of the promisor, and so in every case, the act which constitutes the consideration, must be brought about by him." 6 Am. & Eng. Ency., 2nd ed., 688. "There must be an agreement to forbear, either express or implied. A mere forbearance voluntarily granted by the claimant will not suffice." 6 Am. & Eng. Ency., 2nd ed., 743. See also, Hahn v. Maxwell, 33 Ill. App. 261; Mecorney v. Stanley, 8 Cush. 87.

*Second.* There is no allegation of forbearance in the declaration. Proof without correspondent pleading is as ineffectual as is a pleading without correspondent proof. A plaintiff is not permitted to state one case in his declaration, and to make another case by his evidence. This rule is too well settled to require the citation of authorities in its support.

Finding no reversible error in this record, the judgment of the Superior Court is affirmed.

*Affirmed.*