Ray Blasdel, Appellant, v. Ole A. Erickson, Appellee.

Gen. No. 5382.

Statute of frauds—*when promise within.* A collateral undertaking to pay the debt of another without any benefit moving to the prom-

isor if not in writing is void under the Statute of Frauds and there is no distinction in law between the promise to pay the debt of another and a promise to do some collateral act by which payment might be obtained.

Action commenced before a justice of the peace. Appeal from the Circuit Court of Livingston county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

C. C. and L. F. STRAWN, for appellant.

A. C. NORTON and F. A. ORTMAN, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This suit was brought against Ole A. Erickson and Fred Duckett before a justice of the peace, and an appeal taken by Erickson from the judgment of the justice to the Circuit Court of Livingston county. There Duckett entered his appearance and the case was dismissed as to him. The proofs show that Blasdel had a judgment against Mr. and Mrs. Jesse Duckett for $30 on which an execution was in the hands of a constable for collection. All the personal property owned by Mr. and Mrs. Duckett was exempt from execution. Satisfaction of the execution was demanded of them and they did not schedule their property, and because of their neglect so to do, the execution became a lien on their property sufficient in value to pay the judgment. On the last day of the life of the execution, Erickson, father of Mrs. Jesse Duckett, asked Blasdell to give Jesse and his wife more time. Blasdel replied that this was the last day of the life of the execution and he could not let it run out, but that if Fred Duckett, father of Jesse Duckett, and Erickson would give a note for sixty days for the amount, he would let the matter run. Erickson said he would sign such a note. Blasdel prepared a note and Fred Duckett signed it, not finding Erickson. Blasdel then handed the note to the constable who had the execution and asked him to get Erickson to sign it. The constable found Erickson on his way to the

depot, and he said he was going to Peoria, and was in a hurry, but would call in and sign the note when he got back. Blasdel directed the execution returned.    Afterwards he asked Erickson to sign the note and Erickson refused, and said he had not promised to sign it.    Blasdel brought this suit to recover that debt.    On the trial of the appeal at the close of Blasdel's evidence, the court directed a verdict for Erickson.    Judgment was entered thereon and Blasdel prosecutes this appeal.

Appellant testified that he did not satisfy the justice judgment.    However, he offered a transcript of the judgment and proved that the entries thereon were in the handwriting of the justice except a signature of the constable not material here.    The transcript was admitted in evidence except an entry thereon as follows, "Note taken for judg. & costs by R. Blasdel."    It is urged that it was error not to admit the entry.

There was no proof that appellant had agreed to release or satisfy the judgment in consideration of Duckett and appellee executing the note, but the proof was that appellant only agreed to let the execution be returned and to give the judgment debtors time.    There was no proof that appellant authorized the entry to be made, and there was no proof when it was made.    For aught that appears in the evidence, it may have been made after this suit was begun, or it may have been made without any authority.    Appellant testified he did not satisfy the judgment.    The entry does not purport to be a satisfaction of the judgment, and we do not think the admission of this entry on the docket would have proved that the judgment was satisfied, when disputed by appellant.

The case presented by this record, then, is that Erickson and Fred Duckett promised to sign this note for the debt of Jesse and Julia Duckett, the debt of another, and, that on the faith of that promise, appellant caused the execution to be returned, and thereby lost the advantage of making his debt out of the property which the defendants in the execution had neglected to schedule as exempt within the time fixed by law.

The yielding or releasing the lien on the execution was a consideration moving from appellant, but it did not benefit appellee. He received no consideration or benefit for his promise. It was a collateral undertaking to pay the debt of another, without any benefit moving to the promisor, and since it was not in writing, and since there is no distinction in law between the promise to pay the debt of another, and a promise to do some collateral act by which payment might be obtained, it was void under the statute of frauds. Scott v. Thomas, 1 Scam. 58; Eddy v. Roberts, 17 Ill. 504; Borchsenius v. Canutson, 100 Ill. 82; Farmers' and Mechanics' Bank v. Spear, 49 Ill. App. 509, affirmed in 156 Ill. 555.

The Borchsenius case quotes with approval from Curtis v. Brown, 5 Cush. 488, the following, "Where the plaintiff, in consideration of the promise, has relinquished some lien, benefit or advantage for securing or recovering his debt, and where by means of such relinquishment, the same interest or advantage has inured to the benefit of the defendant,—in such cases, although the result is that the payment of the debt of the third person is effected, it is so incidentally and indirectly, and the substance of the contract is the purchase by the defendant of the plaintiff of the lien, right or benefit in question * * *. But where the original debt still subsists, and where the plaintiff has relinquished no interest or advantage which has inured to the benefit of the defendant, it is not an original contract, but a contract to pay another's debt, and must be in writing."

As the evidence shows the promise relied upon was but an oral promise to answer for the debt of another, the court did not err in directing the verdict.

The judgment is therefore affirmed.

*Affirmed.*