## Abram Feldman, Defendant in Error, v. Abram Polishuck and Sarah Polishuck, Plaintiffs in Error.

### Gen. No. 22,216.

PLEADING, § 69*—*when filing of demurrer not pleading to declaration.* After judgment by confession against defendant, leave was given him, on his motion, to plead to plaintiff's declaration, whereupon defendant filed a general demurrer to the declaration, which was overruled, and defendant was required to plead instanter and, upon his declining to do so, he was defaulted for failure to comply with the rule to plead. *Held,* that judgment against defendant was proper.

Error to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 26, 1916.

M. A. ZELENSKY, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

In this case judgment for $1,025 was entered against defendants upon a declaration and *cognovit* by virtue of a power of attorney contained in a judgment note authorizing any attorney of record to appear and confess judgment in favor of the holder of the note. Upon motion of the defendants, leave was given by the court to defendants "to plead to the plaintiff's declaration

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

within ten days." The judgment was ordered to stand as security. Thereupon defendants filed a general demurrer to plaintiff's declaration. The court overruled this demurrer and required defendants to plead instanter. Defendants declining to do this, they were defaulted for failure to comply with the rule to plead, and it was ordered that the judgment stand in full force and effect.

Did the defendants by filing a general demurrer comply with the order of the court giving leave to plead to the declaration? We hold that they did not. It has many times been held that the motion for leave to plead to a declaration, where a judgment has already been entered by confession, is addressed to the equitable discretion of the court. This would imply that there should be brought to the attention of the court facts or matters constituting a meritorious defense, that is, facts which if proven would induce the court to be of the opinion that it would work an injustice to permit the judgment to stand. When, therefore, the court, in the exercise of its equitable discretion, has entered an order giving leave to defendant "to plead to the declaration," we are of the opinion that the use of the word "plead" must be confined to the original and technical sense in which the word is used. Chitty makes the statement that pleas "go to the merits of the case," as distinguished from a demurrer, which means that a defendant "will go no further because the other has not shown sufficient matter against him that he is bound to answer." Or, as Stephen on Pleading puts it (p. 46): "If the defendant does not demur, his only alternative method of defense is to oppose or answer the declaration by matter of *fact.* In so doing, he is said to *plead* (by way of distinction from *demurring*) and the answer *of fact* so made, is called the *plea.*" It must be in this sense that leave was given to defendants "to plead," and defendants failing to do

so were rightly adjudged to be in default. This view is entirely consisent with what is said in *Borchsenius v. Canutson,* 100 Ill. 82.

The judgment was proper and is affirmed.

*Affirmed.*