### Charles M. Netterstrom v. Matthias W. Gallistel.

1. STATUTE OF FRAUDS—*A Promise to Pay the Debt of Another Must
be in Writing.*—In addition to a consideration the statute of frauds
requires that the promise to pay the debt of another must be in writ-
ing.

2. NOVATIONS—*Consent of Three Parties Necessary to Constitute.*—
It takes the consent of three persons to constitute a novation.    One
contract can not be wiped out and another formed unless the assent of
all the parties interested in both contracts is given.

3. SAME—*Burden of Establishing is upon Person Asserting its
Existence.*—The burden of establishing a novation is upon the party
who asserts its existence.    Novation is not easily presumed.    It must
clearly appear before the court will recognize it.

Netterstrom v. Gallistel.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in this court at the October term, 1902. Reversed, and judgment rendered in this court. Opinion filed November 12, 1903.

DENEEN & HAMILL and CHARLES H. PEASE, attorneys for appellant.

W. H. RICHARDSON, attorney for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant contracted to pave a certain street in Chicago. He sublet the filling to one Colson. The latter abandoned his contract before its completion, claiming that appellant then owed him $475.20. Appellee agreed to complete the Colson contract. The latter, being indebted to appellee, gave to him an order on appellant for $475.20, and appellee released Colson from any liability thereon, but did not say anything to appellant concerning this release. After appellee had finished the work he and appellant agreed upon the price to be paid therefor, and the latter gave the former a check for the amount. When the Colson order was presented appellant refused to pay it upon the ground, as he said, that he owed nothing to Colson. Appellee thereupon brought suit. Upon the trial appellee limited his evidence to the Colson claim. A verdict was returned in favor of appellee, and a judgment was rendered thereon against appellant. From that judgment this appeal was perfected.

The evidence of appellee tends to prove that when appellant asked him to complete the Colson contract he said he would do so if what was due him from Colson was also paid; and that appellant told him to get the order and he, appellant, would pay the same. It is urged that this evidence shows not only a promise, but that it also shows a consideration moving from appellee to appellant, which will take the case out of the statute of frauds. This is too narrow a construction of that act. Every enforceable contract is founded upon a consideration. In addition to a consideration the statute requires that the promise to pay

the debt of another must be in writing. (Eddy v. Roberts, 17 Ill. 505; Lusk v. Throop, 189 Ill. 132.) It follows that the judgment can not be sustained upon this ground.

The evidence shows that the claim of appellee was for the amount of the Colson indebtedness only. Appellee says that he agreed with Colson to release him and thereafter to look to appellant only for such indebtedness; but he admits that he did not inform appellant of this agreement. Appellant can not be held to assent to a thing he did not know. Without that assent, and in the absence of a written promise to pay the claim, there is no liability upon his part. It takes the consent of three persons to constitute a novation. This rule springs out of the fact that a novation is the extinguishment of one obligation and the creating of another. One contract can not be wiped out and another formed unless the assent of all the parties interested in both contracts is given. The burden of establishing a novation is upon the party who asserts its existence. Novation is not easily presumed. It must clearly appear before the court will recognize it. Hughes v. Mattes, 28 So. Rep. 1006; Mowry v. Farmers etc., Co., 76 Fed. Rep. 38; 21 Am. & Eng. Ency. (2d Ed.), 666, and cases cited; Hayward v. Burke, 151 Ill. 121; Com. Nat'l Bk. v. Kirkwood, 172 Ill. 568.

The judgment of the Circuit Court is reversed. and judgment is entered here for appellant for costs of this court and of the Circuit Court.